# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KIRK MICHAEL FIELDS, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 99001885, | : | 42 U.S.C. §1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:22-CV-3684-LMM-JKL |
| GWINNETT COUNTY POLICE | : | |
| OFFICER HOWSE; et al., | : | |
|    Defendants. | : | |

## ORDER AND NON-FINAL REPORT AND RECOMMENDATION

On September 30, 2022, I entered an Order granting *in forma pauperis* status to Plaintiff and directing Plaintiff to file an amended complaint within thirty days in compliance with specific instructions. (Doc. 3). Plaintiff now has filed a motion for an extension of time to file an amended complaint [Doc. 4], and has attached the amended complaint to the motion [Doc. 4-1]. Because Plaintiff submitted the amended complaint within the thirty-day period, his motion for an extension of time to do so [Doc. 4] is **DENIED AS MOOT**.[1] The amended complaint is currently before the Court for a frivolity screening pursuant to 28 U.S.C. §1915A.

---

[1] Plaintiff indicates that he has a separate claim in connection with his current arrest for which he needs another §1983 form. (Doc. 4 at 4; Doc. 4-1 at 16). It is not clear whether Plaintiff's request for an extension pertains to this claim. Regardless, because Plaintiff is seeking to file another case I do not find it necessary to provide him with an extension of time to file an amended complaint in this action.

## I.  28 U.S.C. §1915A FRIVOLITY REVIEW

Pursuant to 28 U.S.C. §1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks and citations omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them in the plaintiff's favor. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565, 578 (11th Cir. 2015). Additionally, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers, *Bingham*, 654 F.3d at 1175, but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v.*

*Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks and citation omitted).

## II.   PLAINTIFF'S ALLEGATIONS[2]

Plaintiff complains that on June 10, 2021, he was on the sidewalk on a street in Lawrenceville, Georgia, where he was separating his personal property – that is, he was dividing his belongings into what he would keep and what he would throw away – with the goal of transferring the retained property to a storage unit he had rented. Shortly after Plaintiff had placed all of the trash in plastic bags and put the bags on the curb as he was instructed to do the day before by Code Enforcement, he was approached by an unknown number of Gwinnett County police officers. When he told the officers that he was in the process of moving "out of the woods"[3] and had saved enough money to rent a storage unit a little over a mile away, he was informed that he was arrested for trespassing and for littering. Plaintiff responded that he had not been to the place where he had been given a criminal trespass warning, and that he had cleaned up all of the trash and placed it in bags as he was told to do the day before. Plaintiff was then told that he was going to jail anyway.

---

[2]   The factual allegations are taken from Plaintiff's amended complaint [Doc. 4-1], and are presumed true for purposes of the §1915A screening. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

[3]   Plaintiff indicates that he is homeless, which I presume is what he means by "the woods." (Doc. 41-1 at 4).

3

In response, Plaintiff sat down on a culvert, placed his hand between his legs, and demanded to speak to a supervisor. According to Plaintiff, three to four officers immediately "pounced" on him and repeatedly shocked him with a taser, dragged him across the road, and threw him into a patrol car "like a dead animal." Plaintiff indicates that he was in jail for approximately thirty days as a result of this false arrest, excessive use of force, and false imprisonment, and that when he was released all of his property was gone. He also states that he believes he has suffered permanent brain damage from being shocked multiple times. Plaintiff seeks monetary and equitable relief.

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

**A.   Property**

A plaintiff cannot establish a due process violation when state law provides an adequate post-deprivation remedy for a state actor's unauthorized taking of property. *See McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) (en banc); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that allegations of unauthorized deprivation of property – whether intentional or negligent – do not state a procedural due process claim when an adequate state remedy exists to redress the deprivation). The State of Georgia has, in fact, "provided an adequate post deprivation remedy when a plaintiff claims that the state has retained his property without due process of law," *i.e.,* a civil cause of action for the wrongful deprivation

of personal property, which encompasses any such deprivation by police officers. *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987); *see also* O.C.G.A. §51-10-1 (providing a civil cause of action for the wrongful deprivation of personal property). Because Plaintiff has an adequate post-deprivation remedy under Georgia law, he fails to state a constitutional claim for the loss of his property.

**B.** **False Arrest and False Imprisonment**

In order to receive damages from an unlawful imprisonment under §1983, a plaintiff must show that his conviction and sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's state court records indicate that he was convicted of willful obstruction of law enforcement officers on July 8, 2021, which is the arrest about which he complains. *See Gwinnett County Clerk Docket Query*, available at https://odyssey.gwinnettcourts.com/Portal/Home/WorkspaceMode?p=0.[4]   As

---

[4]   This Court can take judicial notice of Gwinnett County records that show that Plaintiff entered a plea of nolo contendre to the obstruction charge. *See Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding).

Plaintiff has not demonstrated that his conviction and sentence have been invalidated, his false arrest and false imprisonment claims are barred under *Heck*.[5]

## C. Excessive Force

While an excessive force claim potentially could imply the validity of an obstruction conviction, it is possible to find excessive force *and* obstruction, for example, if the use of force was not necessarily responsive to the plaintiff's non-violent resistance. *Sconiers v. Lockhart*, 946 F.3d 1256, 1269 (11th Cir. 2020); *see also Hadley v. Gutierrez*, 526 F.3d 1324, 1327 (11th Cir. 2008) (holding excessive force claim not *Heck*-barred where plaintiff pleaded guilty to resisting arrest, because it was theoretically possible that plaintiff was punched after he stopped resisting). At this stage of the proceedings, I find that Plaintiff has alleged enough to proceed against Gwinnett County Police Officer Howse and Officer John Doe, Howse's unnamed partner.[6]

---

[5] If Plaintiff wishes to challenge his conviction and sentence, and/or if he seeks release and dismissal of his pending charges, he must do so in a habeas petition after exhausting his state court remedies, which he does not appear to have done. *See* 28 U.S.C. §2244(b)(1)(A); *Tooten v. Shevin*, 493 F.2d 173, 175 (5th Cir. 1974). Moreover, this Court must abstain from interfering with his currently pending state court proceedings. *See Younger v. Harris*, 410 U.S. 37, 46, 49-50, 53-54 (1971) (affirming the "longstanding public policy" that federal courts should not intervene in an ongoing criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief").

[6] A *pro se* prisoner plaintiff may proceed against an unnamed defendant where "allegations in the complaint make clear the plaintiff could uncover the names through discovery." *Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's excessive force claim be **ALLOWED TO PROCEED** against Defendants Howse and John Doe, and that his claims for property, false arrest, and false imprisonment as well as the remaining Defendants be **DISMISSED** under §1915A.

If this Report and Recommendation is adopted or any of Plaintiff's claims are otherwise allowed to proceed, the Clerk is **DIRECTED** to resubmit this matter to me for instructions on issuing and effecting service of process.

**SO ORDERED AND RECOMMENDED** this 26th day of October, 2022.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

---

F. App'x 857, 862 (11th Cir. 2014).  Here, Plaintiff states that on July 10, 2021, the unnamed Defendant was Officer Howser's partner and used a taser on Plaintiff. Consequently, it certainly appears that Plaintiff could identify the unnamed Defendant through discovery.