**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KIRK MICHAEL FIELDS, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 99001885, | : | |
| | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:22-CV-3684-LMM-JKL |
| | : | |
| GWINNETT COUNTY POLICE | : | |
| OFFICER HOWSE; et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT HOWSE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT

COMES NOW Defendant Gwinnett County Police Officer Howse (hereinafter "Officer Howse"), by and through counsel, and pursuant to Federal Rules of Civil Procedure (hereinafter "Rule") 7(b) and 12(b)(6) and LR 7.1(A)(1), submits this memorandum of law in support of his motion to dismiss Plaintiff's Complaint and Amended Complaint in lieu of an answer and affirmative defenses and show as follows:

# I.   <u>STATEMENT OF RELEVANT FACTS</u>

Plaintiff's Complaint and Amended Complaint contain many claims against many defendants over three (3) periods of time:  June-July 2021, December 2021-January 2022, and March 2022.  Docs. 1, 4-1.  In particular, Plaintiff claims that on June 10, 2021 he was on a sidewalk in Lawrenceville, Georgia, separating his personal property into what he would keep and what he would put in a rented storage unit.[1]  Doc. 5, p. 3. A number of Gwinnett County police officers approached him and placed him under arrest for soliciting[2]. <u>Id</u>.  Plaintiff sat down on the ground and demanded to speak with a supervisor.  Doc. 5, p.4.  Plaintiff claims that several of the police officers "pounced" on him, tased him, dragged him across the road and threw him into a patrol car. <u>Id</u>.  Plaintiff's only federal constitutional claim against Officer Howse is that he "forearmed me over the guardrail into the patch of thorns." Doc. 4-1, p. 16.

---

[1] Plaintiff has been homeless for over twenty (20) years. Doc. 1, p. 15.

[2] At other times in the Complaint and Amended Complaint, Plaintiff claims that the arrest was for trespassing or littering. Doc. 1, pp. 10, 14; Doc. 4-1, pp. 4, 16.

In her November 21, 2022 Order, pursuant to 28 U.S.C. §1915A(a), (b)(1)-(2), Judge Leigh Martin May upheld the Magistrate Judge's dismissal of Plaintiff's false arrest and false imprisonment claims.  Doc. 8, p. 2.  The Court allowed a Fourth Amendment excessive force claim and a state-law tort claim for deprivation of property (O.C.G.A. § 51-10-1) to proceed against Officer Howse and a John Doe.  Doc. 5, p. 6; Doc. 8, p. 2.  For the reasons set forth below, Plaintiff's Fourth Amendment excessive force claim and state law conversion claim against Officer Howse should be dismissed.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A. LEGAL STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) states that a party may assert the defense of failure to state a claim upon which relief can be granted by motion, and this motion must be made before pleading when a responsive pleading is allowed.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 129 S. Ct. 1937,

1950 (2009), citing <u>Twombly</u>, 550 U.S. at 557.   Mere legal conclusions in a complaint should not be considered as true.  <u>Id.</u> at 678.

## B. FOURTH AMENDMENT STANDARD

Plaintiff claims Officer Howse used excessive force against him during his arrest, a claim analyzed under the Fourth Amendment. "To prevail on a Fourth Amendment excessive-force claim, the plaintiff must show both that a seizure occurred and the force used was unreasonable." <u>Morrison v. City of Atlanta</u>, 614 F. App'x 445, 447 (11th Cir. 2015). "To determine whether an officer's force was unreasonable, [courts] consider (1) the severity of the crime; (2) whether the individual posed an immediate threat to the safety of the officers or others; . . . (3) whether the individual actively resisted arrest or attempted to evade arrest by flight[;] . . . (4) the need for force to be applied; (5) the amount of force applied in light of the nature of the need; and (6) the severity of the injury." <u>Patel v. City of Madison,</u> 959 F.3d 1330, 1339 (11th Cir. 2020).

This Circuit has "recognized that some use of force by a police officer when making a custodial arrest is necessary and altogether lawful, regardless of the

severity of the alleged offense." <u>Suttles v. Butler</u>, 564 F. Supp. 3d 1317, 1329 (N.D. Ga. 2021), citing <u>Taylor v. Taylor</u>, 649 F. App'x 737, 746 (11th Cir. 2016). Here, Plaintiff claims that Officer Howse pushed him over a guardrail into a patch of thorns.  Plaintiff admits that Officer Howse did not tase him and does not claim that he sustained any injuries as a result of Officer Howse's alleged push.  Doc. 4-1, p. 16.  This Court has dismissed Plaintiff's false arrest claims, so in this case Officer Howse used a minimal amount of force to effect a lawful arrest.

Courts "must be careful not to Monday-morning quarterback but instead to judge the 'reasonableness' of a particular use of force from the perspective of a reasonable officer on the scene." <u>Id</u>.  Indeed, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." <u>Saucier v. Katz</u>, 533 U.S.194, 209 (2001).

## C. OFFICER HOWSE IS ENTITLED TO QUALIFIED IMMUNITY

"Section 1983 allows persons to sue individuals acting under the color of state law for violations of federal law." <u>Hill v. Cundiff</u>, 797 F.3d 948, 976 (11th Cir. 2015). "When defending against a § 1983 claim, a government official may assert the defense of qualified immunity." <u>Moore v. Sheriff of Seminole Cty.</u>, 748

F. App'x 229, 232 (11th Cir. 2018).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  <u>Anderson v. Creighton</u>, 483 U.S 635, 638 (1987).

An official asserting this defense must show that he "engaged in a discretionary function when he performed the acts of which the plaintiff complains." <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252, 1264 (11th Cir. 2004). The burden then "shifts to the plaintiff to show that the defendant is *not* entitled to qualified immunity." <u>Id</u>. This requires the plaintiff to show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." <u>Id</u>. The plaintiff's two-part burden need not be "analyzed sequentially; if the law was not clearly established, [the court] need not decide if the Defendants actually violated the Plaintiff's rights." <u>Fils v. City of Aventura</u>, 647 F.3d 1272, 1287 (11th Cir. 2011).

To establish a violation of clearly established law, a plaintiff must show "the preexisting law was so clear that, given the specific facts facing a particular officer, one must say that every reasonable official would have understood that what he is doing violates the Constitutional right at issue." <u>Gates v. Khokhar</u>, 884 F.3d 1290,

1302 (11th Cir. 2018). The critical inquiry is "whether the law provided the [officials] with fair warning that their conduct violated the Fourth Amendment." Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011). "Fair warning is most commonly provided by materially similar [binding] precedent from the Supreme Court, [the Eleventh Circuit], or the highest state court in which the case arose." Gates, 884 F.3d at 1296.  In this case, the inquiry is: did Officer Howse have fair warning in June 2021 that, during a lawful arrest, pushing a subject over a guardrail into a patch of thorns would violate Plaintiff's constitutional rights?  The answer is: clearly no.

If the plaintiff cannot point to a materially similar binding precedent, he can establish fair warning only if the defendant's conduct violated federal law "as a matter of obvious clarity." Id. at 1014. See also Gaines v. Wardynski, 871 F.3d 1203, 1208–09 (11th Cir. 2017). This requires the plaintiff to show that (1) "the words of the federal statute or constitutional provision at issue are so clear and the conduct so bad that case law is not needed to establish that the conduct cannot be lawful," or (2) "the case law that does exist is so clear and broad (and not tied to particularized facts) that every objectively reasonable government official facing

7

the circumstances would know that the official's conduct did violate federal law when the official acted." Id.

### 1. OFFICER HOWSE'S USE OF *DE MINIMUS* FORCE ENTITLES HIM TO QUALIFIED IMMUNITY

Officers who, as here, use *de minimus* force are entitled to qualified immunity.   The Eleventh Circuit has repeatedly held that pushes, shoves, and grabs (and the like) fall into the category of *de minimus* force and are insufficient to overcome qualified immunity. "This Court has held that a variety of physical force techniques used by police  on  unhandcuffed  individuals  constituted  *de minimus*  force  that does not rise to excessive force that could violate the Fourth Amendment." Gomez v. United States, 601 F. App'x 841, 850 (11th Cir. 2015).

*See,* Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) (officer used *de minimus* force when he "grabbed Dustin by the arm, forced him to the ground, placed him in handcuffs, and searched him," even though this caused "injuries to [Dustin's] head, left wrist, left forearm, neck, and knees"); Croom v. Balkwill, 645 F.3d 1240, 1251-52 (11th Cir. 2011) (officer used unnecessary but *de minimus* force when she pushed an elderly woman, who had arthritis, to the ground and placed a foot or knee on her back for ten minutes); Bryan v. Spillman, 217 F. App'x 882, 886 (11th Cir.

8

2007) (officer used *de minimus* force when he "conducted a rough search of [plaintiff's] genitals, pushed him against a patrol car and held his head down against the car"). "[D]e minimis force, even when it is unnecessary, is not unlawful." Taylor v. Taylor, 649 F. App'x 737, 746 (11th Cir. 2016).

In Jones v. City of Dothan, 121 F.3d 1456 (11th Cir. 1997), two police officers escorted the plaintiff (who was accused of harassing a woman) out of a restaurant. Id. at 1458. As they walked, the plaintiff said he had not done anything wrong, had previously suffered a stroke, and was currently taking medication. Id. But he did not physically resist, try to escape, or pose an obvious immediate threat. Id. Once outside, the officers "slammed [him] against a wall, kicked his legs apart, required him to raise his arms above his head, and pulled his wallet from his pants." Id. "In the process, his pants were torn and the wallet contents were scattered on the ground." Id. Plaintiff "experienced pain" during the incident and required "minor medical treatment" a few days later. Id. at 1460. The Eleventh Circuit found the officers were protected by qualified immunity because "application of the excessive force standard would not inevitably lead an official in [their] position to conclude that the force was unlawful." Id. at 1460–61. The court explained that "[w]hile use

of force against [plaintiff] may have been unnecessary, the actual force used and the injury inflicted were both minor in nature." Id. at 1460.

In Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000) an officer saw plaintiff (who was 17 years old) "roughhousing" with a friend. Id. at 1254. After the wrestling stopped and plaintiff started walking back to work, the officer "grabbed [him] from behind by the shoulder and wrist, threw him against a van three or four feet away, kneed him in the back and pushed his head into the side of the van, searched his groin area in an uncomfortable manner, and handcuffed him." Id. at 1254–55. Plaintiff did not resist. Id. The court held the officer was protected by qualified immunity. Id. at 1258. Although plaintiff "suffered bruising to his forehead, chest, and wrists," the court found that the officer used "de minimus force" and that "the facts sound little different from the minimal amount of force and injury involved in a typical arrest." Id. at 1255, 1258 n.4. The court emphasized that "a minimal amount of force and injury, as present in the facts of this case, will not defeat an officer's qualified immunity in an excessive force case." Id. at 1258.

In Taylor, supra, plaintiff (a woman) allegedly made harassing and threatening calls to another woman. 649 F. App'x at 739–40. The officer confronted

10

plaintiff in the parking lot of a convenience store. Id. at 740. She denied making the calls but did not physically resist arrest, try to escape, or pose an obvious immediate threat. Id. The officer nonetheless "grabbed [her] without warning, slammed her against a patrol car several feet away, causing her head to hit the car first, and then handcuffed her." Id. at 746. Plaintiff "suffered a spiral fracture in her hand and bruising to her hand, forearm, right upper eyelid, and chest." Id. Although the court expressed "concerns about the necessity of the force used in this instance and the general way in which [the officer] handled the encounter," the court characterized the force as "*de minimus*" and upheld qualified immunity. Id. at 747.

Furthermore, in Post v. City of Ft. Lauderdale, 7 F.3d 1552 (11th Cir. 1993) "the officer, who sought to arrest the plaintiff for a building code violation, pushed the plaintiff against a [display case] and applied a choke-hold before placing the plaintiff in handcuffs—all despite the fact that the plaintiff did not resist" and had his hands up. The officer then took plaintiff outside and pushed him against a wall. Id. at 1556. The court found the officer was entitled to qualified immunity because it was "not plain" that "the amount of force [he] used, even if unnecessary, was enough to violate the law." Id. at 1560.

There is no evidence that Plaintiff was transported to the hospital in this case.  He sustained no injuries from Officer Howse's alleged push.  Based upon a thorough review of the caselaw from this Circuit, Officer Howse is entitled to qualified immunity from Plaintiff's excessive force claim.

### D. OFFICER HOWSE IS NOT LIABLE FOR THE STATE LAW TORT OF CNVERSION

Officer Howse is entitled to official and sovereign immunity from Plaintiff's conversion claim, which should therefore be dismissed.

### 1. OFFICIAL IMMUNITY BARS PLAINTIFF'S STATE LAW TORT CLAIM AGAINST OFFICER HOWSE IN HIS INDIVIDUAL CAPACITY

Official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without willfulness, malice or corruption." Teston v. Collins, 217 Ga. App. 829, 830 (1995). In the context official immunity, "actual malice" means a deliberate intent to do wrong. Merrow v. Hawkins, 266 Ga. 390, 392 (1996).

Whether a duty is ministerial or discretionary turns on the character of the specific act itself. Schmidt v. Adams, 211 Ga. App. 156, 157 (1993). Unlike a ministerial act, a discretionary act "calls for the exercise of personal deliberation and

judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Daley v. Clark , 282 Ga. App. 235, 237 (2006).  Because making an arrest is a discretionary act within the scope of the officer's official functions, a defendant is insulated from suit unless there is evidence that he acted with actual malice or intent to injure.  Kline v. KDB, Inc, 295 Ga. App. 789, 793 (2009), citing Rodriguez v. Kraus, 275 Ga. App. 118, 119 (2005).

In the context of official immunity, "actual malice" means a deliberate intent to do wrong.  Merrow, supra. "A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiff"; "[e]vidence demonstrating frustration, irritation, and possibly even anger is not sufficient to penetrate official immunity, nor is proof of ill will, unless the ill will is combined with the intent to do something wrongful or illegal.") Selvy v. Morrison, 292 Ga. App. 702, 704-706 (2008).

"Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others." Selvy, supra (holding that poor judgment, frustration, anger, irritation or rude behavior does not constitute actual malice).  See Bashir v.

Rockdale Cty., 445 F.3d 1323, 1333 (11th Cir. 2006) (holding that although sheriff's deputies acted unreasonably and violated plaintiff's Fourth Amendment rights in arresting plaintiff after their warrantless entry into his home, deputies were entitled to official immunity under Georgia law on state law claims because plaintiff failed to demonstrate that the deputies possessed a deliberate intention to do wrong sufficient to satisfy the actual malice standard).

Neither does unreasonable conduct support an inference of actual malice. Bashir, supra. Even reckless disregard for the safety or rights of others does not rise to the level of actual malice. Daley, supra, 282 Ga. App. at 247 (holding that conduct displaying a reckless disregard for human life, such as actively hindering efforts to assist a high school student who suffered cardiac arrest during a fight, does not support a finding of actual malice).  Neither Plaintiff's Complaint nor Amended Complaint even mention malice. Docs. 1 and 4-1, *generally.* Nor does either document present specific evidence to support actual malice or intent to injure. Where, as here, the record contains no evidence of malice or intent to injure, no liability can attach to Officer Howse's exercise of his lawful discretion.  See Todd v. Kelly, 244 Ga. App. 404, 407 (2000).

14

### 2. SOVEREIGN IMMUNITY BARS PLAINTIFF'S STATE LAW TORT CLAIM AGAINST OFFICER HOWSE IN HIS OFFICIAL CAPACITY

Defendant is entitled to sovereign immunity from Plaintiff's conversion claim against him in his official capacity. "County officers sued in their official capacities – since a suit against a county officer in [his] official capacity is a suit against the county itself – enjoy the same sovereign immunity." Conway v. Jones, 353 Ga. App. 110 (2019), citing Layer v. Barrow County, 297 Ga. 871 (2015). Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and therefore, whether a government employee has waived its sovereign immunity is a threshold issue. McCobb v. Clayton County, 309 Ga. App. 217, 217-218 (2011).

In the absence of a waiver, a claim against a government employee in his official capacity is barred by sovereign immunity. Coffey v. Brooks County, 231 Ga. App. 886, 889 (1998); Rowe v. Coffey, 270 Ga. 715, 716 (1999). Sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ratliff v. McDonald, 326 Ga. App. 306, 309 (2014). Any waiver

of sovereign immunity must be established by the party seeking to benefit from that waiver." Id.  Here, Plaintiff has failed to establish that Defendant has waived his sovereign immunity and Defendant is immune from suit.

### 3. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR THE TORT OF CONVERSION

Even if Officer Howse were not entitled to official and sovereign immunity from Plaintiff's state law tort of conversion, Plaintiff has failed to make out a case for conversion.  To do so under Georgia law, a plaintiff must allege four elements: "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Pierce v. Clayton Cty., Georgia, 717 F. App'x 866, 872 (11th Cir. 2017) (citing City of Atlanta v. Hotels.com, L.P., 332 Ga.App. 888, 775 S.E.2d 276, 279 (2015)).  Here, Plaintiff claims that he was arrested and when he returned thirty (30) days later, his property was gone.  Doc. 5, p. 4. Plaintiff has failed to even state that Officer Howse was in any way responsible for his property, or it's loss, as is required by the statute.  Therefore, Plaintiff's conversion claim against Officer Howse should be dismissed.

16

### III.   <u>CONCLUSION</u>

As Officer Howse is entitled to qualified, sovereign and official immunities from Plaintiff's federal constitutional excessive force claim and state law conversion claim, this Court should grant summary judgment in Officer Howse's favor.

Respectfully submitted this 13th day of February, 2023.

/s/ Tuwanda Rush Williams
TUWANDA RUSH WILLIAMS
Deputy County Attorney
Georgia Bar No. 619545
tuwanda.williams@gwinnettcounty.com

**PLEASE DESIGNATE AS
LEAD COUNSEL AND SERVE
ALL NOTICES UPON:**

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No. 699920
elizabeth.taylor@gwinnettcounty.com

*Attorneys for Defendant*

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KIRK MICHAEL FIELDS,    :    PRISONER CIVIL RIGHTS
Inmate No. 99001885,    :
    :    42 U.S.C. § 1983
    Plaintiff,    :
    :    CIVIL ACTION NO.
v.    :    1:22-CV-3684-LMM-JKL
    :
GWINNETT COUNTY POLICE    :
OFFICER HOWSE; et al.,    :
    :
    Defendants.    :

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

Respectfully submitted this 13th day of February, 2023.

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com

***Attorney for Defendant Howse***

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KIRK MICHAEL FIELDS, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 99001885, | : | |
| | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:22-CV-3684-LMM-JKL |
| | : | |
| GWINNETT COUNTY POLICE | : | |
| OFFICER HOWSE; et al., | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served Plaintiff with a copy of the foregoing **DEFENDANT HOWSE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT** via the Court's CM/ECF System, and by U.S. mail to the following:

Kirk M. Fields
No. 99001885
Gwinnett County Detention Center
2900 University Parkway
Lawrenceville, GA  30043


(Signature on following page)

Respectfully submitted this 13th day of February, 2023.

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com

**_Attorney for Defendant Howse_**

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700