FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 26 2023

KEVIN P. WEIMER, Clerk
By: RBach/ua Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIRK MICHAEL FIELDS
Inmate No. 1143519,

Plaintiff,

V.

GWINNETT COUNTY POLICE
OFFICER HOWSE; et al.,

Defendants

PRISONER CIVIL RIGHTS
42 U.S.C. § 1983

Civil Action No.
1:22-CV-3684-LMM-JKL

RESPONSE
to Document # 19, 14, & 14.1

IN Re: "Defendant Howse's Motion to Dismiss ~~Com~~
Plaintiff's Complaint and Amended Complaint
p.p. 1-5:

NOW COMES the Plaintiff in the above-styled Action sued out against Defendants, Howse Badge #2068 + Smith Badge #1539 Both employed by the Gwinnett County Police Department, @ 770 Hi Hope Rd. Lawrenceville, GA 30043.

Defendant sights under The Federal Rules of Civil Procedure "Rule 7(b) and 12(b)(6) the PRO-POSTURUS Statement that this rule applies to the case at Bar.

e.g. / i.e. Rule 7(b) " MOTIONS AND OTHER PAPERS,"

(1) In General. " A request for court order must Be made by Motion. The Motion Must:

(A) Be in writing unless made during a hearing or trial;

(B) State with particularity the grounds for seeking the order; and

(C) State the relief sought

(2) Form. "The rules governing captions and other matters of form in pleadings apply to motions and other papers.

SEE Rule 8 (d)(1) "IN GENERAL." " Each allegation must be simple, concise, and direct. No technical form is required." also; 8(d)(3) "INCONSISTANT claims or Defenses." "A party may state as many seperate claims or defenses as it has, reguardless of consistency."

p. 2 of 15 pp.

Under the "Equal Protection Clause" of the U.S. Constitution, ~~Def.~~ citing "Swift v. Witchard, 103 Ga. 193; 29 S.E. 762 (1897), Beside the fact that arresting a U.S. Citizen w/o a warrant w/o probable cause, is illegal, So with an arrest due solely to the said defendants..." To put the criminal law in force maliciously and without any reasonable or probable cause is wrongful;" and if thereby another is prejudiced in property or person, there is that conjunction of injury and loss which is the foundation of an action."

Furthermore, Under the title "Malicious Prosecution" and in the chapter dealing with that title, it is expressly provided that "an inquiry before a committing court or a justice of the peace amounts to a prosecution."... "A / The party aggrieved would have a right of action for malicious arrest, as is provided by the Civil Code in another section. Our legislation on this subject is consistent. ~~See~~ Civil Code § 3854., Also See O.C.G.A. § 16-5-42 When an arrest under color of legal process is illegal an action for False Imprisonment will lie. Also "An illegal arrest is a Tort for which an action will lie." See Hines v. Adams, 27 Ga. App. 157 (107 S.E. 618).

p. 3 of 15 pp.

Pursuant to Defendants Rule 12(b)(6)..."failure to state a claim upon which relief can be granted." Plaintiff now files this instant "MOTION TO STRIKE" Pursuant to Rule 12(f). COMES NOW the Plaintiff in the above-styled action and moves this Honorable Court to Strike the Defendants MOTION TO DISMISS And as grounds for this motion Plaintiff asserts the following facts:

1.

Pursuant to Defendants, Document 14-1 "Statement of Relevant Facts Art. 1 p. 2, referencing Doc. 5. p. 3, Just to clarify, the police officers who "approached" me and ultimately arrested me for the false charge of <u>littering</u>.*1 after, unsuccessfully attempting to charge me with trespassing, but there was <u>No</u> litter, hence, The Gwinnett County Police Department are continually the subject of my Deprivation of Civil Rights guaranteed by the U.S. as well as Georgia Constitutions... i.e. as stated in my/plaintiffs complaint that I was deprived of my Liberty, property as well as the persuit of Happiness... THIS IS UNACCEPTABLE.

*1 The arresting officer was officer Stewart, Female, on 6/10/21

p. 4 of 15 pp

And on p. 3 of Senior Assistant County Attorney, Elizabeth B. Taylor Georgia Bar No. 699920; elizabeth.taylor@gwinnett county.com / Gwinnett County Department of Law 75 Langley Dr. Lawrenceville, GA 30046 and her refference to Doc. 8 p. 2, I have previousely found / been enlightenend to his name as well as badge # it is "officer SMITH No. 1539 @ The Gwinnett County Police Dep't. and in his official capacity without probable cause and with excessive use of force did then and there deploy a stun gun amed @ my torso and violently shocked me to the point I could not control my body... Furthermore Judge Leigh Martin May UPHELD the Magistrate Judge's Amended Excessive Use of Force Claim and adopted "Supplemental Jurisdiction under O.C.G.A. § 51-10-1 for the property I was deprived of due to the negligent acts of these officers with a less than standard work ethic.

Art. II Argument + Citation of Authority... p.(3) § A. "LEGAL STANDARD FOR MOTION TO DISMISS". Defendants erroniousely refer to the FACTS as "conclusions".

p. 5 of 15 pp.

Art. II, § B. "Fourth Amendment Standard on p. 4., ☺ Using Ms. Taylor's citation of Morrison v. City of Atlanta, 614 F. App'x 445, 447 (11th Cir. 2015). "To determine whether an officer's force was unreasonable, courts consider (1) the severity of the crime; " The only "crime" I the Plaintiff was inicially charged with was soliciting a TOTALY false charge, as stated in numerous cases that I have cited as "Controling factors" to be duely considered, with all due respect. (2) whether the individual posed an immediate threat to the safety of the officers or others; ... ~~###~~ TIME OUT, pause!, As I stated in my Complaint ... when the arresting officers told me I was going to jail, Again, ~~for~~ something I didn't do. I, with out violence or threats of violence I, pursuant to Ronemous v. State, 87 Ga. App. 588, 74 S.E. 2d 676, (1953) I was well within my rights + justified when I demanded to ~~speak~~ with a Supervisor, because, " Every person has the right to resist an illegal arrest, and may use, in resisting the illegal arrest, such ~~force~~ force as is necessary for that purpose " Ronemous v. State, supra. (3) whether the individual actively resisted arrest or attempted to evade arrest by flight; (4) the need for force to be

p. 6 of 15 pp.

applied; (5) the amount of force applied in light of the nature of the need; and (6) the severity of the injury. SEE Patel v. City of Madison, 959 F. 3d 1330, 1339 (11th Cir. 2020). As far as "injury" I have sustained injury that NO human should have to endure no matter the circumstances. i.e. due to numerous taser laser shocks at high-voltages, these excessive use of force techniques have permenantely, I believe, signifficately interupeted my (a.) Cognative Processing (b.) abillity to do my entrapreneurialship skills as a poet + writer... I used to be so good, and it was so easy the words just flowed like a river stream... Now, for instance, I started working on this response approx. a week ago, I have extreme difficulty talking and finding words and the frazes to fit... and just like my circumstances at present. I am in prison @ Riverbend correction + rehab facility, I am minimum custody but the Georgia. D.O.C. is so overcrowded they, "the Board", are putting, derranged, to say the least, people with severe mental disorders, i.e. inferiority complex that has morphed into cerial killer statis, "No cap, No cut".

p. 7 of 15 pp.

Also for anyone to believe that the statement as she reffers to in "Suttles v. Butler, 564 F. Supp. 3d 1317, 1329 (N.D. Ga. 2021), citing Taylor v. Taylor, 649 F. App'x 737, 746 (11th Cir. 2016). Stating that "This Circuit has recognized that some use of force by a police officer when making a custodial arrest is necessary and altogether lawful, regardless of the severity of the alleged offense." In my opinion if we as a society hold to this mind-set, our whole existance is doomed to a self-emplosion. Also conscerning Doc. 4-1, p. 16. The reason this Court dismissed the false arrest claim because there was an adequate "State Court Remedy" under code sec. 51-10-1 of the O.C.G.A. et seq. As to line 7 on p. 5 of Doc. 14-1, The whole statement is as far-reaching and false as it could possibly be.

As to p. 12, ¶ 1, These four sentences are in fact false I was transported to Northside Gwinnett Medical to get a taser prong removed from my body, and was treated for minor cuts from the briars and Now for the last year I have experienced extreme ciattic Nerve pain, p syatic, however you spell it, it still feels the same " ¨.

... and as stated ~~in~~ previousely, due to officer Howse's False arrest I have been incarcerated for over a year now, i.e. False Imprisonment...

Also due to officer Howse's deliberate indenfrence to my health and safety as well as a total disreguard for my right to be secure in my person, as well as my property which was left on the side of the road...

Furthermore in rebuttal,?, to "Sec. 'D' § 1, stating that officer Howse is, protected, by official as well as Sovereign Immunity. Pursuant to, The Constitution of the State of Georgia Sec. II, ¶ V, (b)(1) "Sovereign Immunity is hereby WAIVED seeking Declatory relief from acts of the state or agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or Officer or employee thereof or any county, consolidated government, or municipality of this state or Officer or employee thereof outside the scope of LAWFUL authority, or in violation of the laws or the Constitution of this state or the Constitution of the United States...

Wherefore Defendants "Sovereign Immunity" does not apply due to the fact that officers Howse & officer Smith were not acting within "the scope" of their employement when they illegaly arrested Plaintiff for the felse charge of soliciting and subsequently abandoned Mr. Fields' property that these officers had a fiduciary duty to protect from malicious abandonment... Also, using/siting "Teston v. Collins", which officer Howse erroniousely sites, the unconstitutional acts, deprevation of personal —

Property a tort per. O.C.G.A. § 51-10-1 et seq. these acts were done "Willfully"... wherefore this /these officers <u>are NOT</u> protected by official immunity... Furthermore addopting officer Howse's reference to "Merrow v. Hawkins, 266 Ga. 390, 392 (1996), IN the context official immunity, "actual malice" means a deliberate intent to do wrong." IN the case @ bar, these officers deliberately left my/Plaintiff's personal property, abandoned, on the side of L'ville Suanee road knowing full well that I/Plaintiff would be deprived of said property left unattended... by these officers.

Concerning "Minimal Passive Resistance", in citing Smith v. ~~Troy~~ city of Troy, 874 F.3d 938, 942-45 (6th Cir. 2017)(per curiam) The police officers thought the plaintiff was under the influence. When they tried to pry the plaintiff's fingers from a fence and the plaintiff responded by pulling his arm away, the officer forced the plaintiff to the ground and wrestled with him until a second officer arrived and deployed his taser. The Sixth Circuit reversed the District Courts grant of Qualified Immunity because resistance was minimal and force was excessive.

Also in "Richards v. City of Washington, 818 F App'x 487, 492-93 (6th Cir. 2020) denying qualified immunity where it was in dispute whether the officers issued verbal commands or allowed the plaintiff time to comply with the commands before performing a takedown.

furthermore, The Fourth Amendment protects a person's right to be free from "unreasonable seizures" including the right to be free from excessive force by police during a seizure, SEE: Graham v. Connor, 490 U.S. 368, 394-97; 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To decide whether the force was excessive, courts consider: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight.

As in the instant, present, case at bar, Plaintiff on or about the 23rd or 24th day of March, early in the morning, was with a total lack of probable cause told he was under arrest for soliciting, a totaly false charge, and when plaintiff ask to speak with the supervisor, was immediately shot via stun gun & forearmed over a guard-rail on the side of L'ville Suanee into a patch of thorns... all the while begging these officers to reconsider their wrongful acts...

## CONCLUSION

Not having a copy of the original complaint I can only state what I remember writing as well as the true facts... i.e. in rebuttle to the last sentance on p. 2 of Doc. 14-1, Art I "Statement of relevant facts". It is mistakingly stated that Plaintiff's only federal constitutional claim against Officer Howse is that he, forearmed me over the guardrail into a patch of thorns." I distinctly remember stating that Officer Howse +

p. 11 of 15 pp.

Officer Smith, at the time of writing the complaint I did not know Officer Smith's name, violated at least three (3) of my constitutional rights (1) The Fourth Amendment right to be free from excessive use of force durring an arrest, (2) Eighth Amendment right to be protected from cruel and unusual punishment, and (3) Fourteenth Amendment right to not be deprived of ... Liberty +/or property without Due Process...

Since these violations are manifestly illegal / unconstitutional these officers are not / should not be protected by any kind of immunity.

Also I stated in my complaint that these officers Lied numerous times, this is a violation of O.C.G.A. § 16-10-70 (a) this is also infringement on the Plaintiff's Fifth and Fourteenth Amendment rights. See Also O.C.G.A. § 16-10-20 of which I also wrote the Chief of Police, Clerk of Superior Court & The Sheriff's Office to no avail. Also please see CONTEMPORANIOUSLY filed OMNIBUS MOTIONS...

INTERLOCTORY F.R.C.P. Rule 20 (a)(2)(B) <u>Motion to Join Parties</u>... and 21 Stating " On motion or on its own, the court may at any time, on just terms, add or dorp a party."

Wherefore Plaintiff respectfully request this Honorable Court to / for "Permissive Joinder of Parties, to wit, Officer Smith Badge # 1539 because questions of law or fact common to all defendants will arise in this action...

p. 12 of 15 pp.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, | PRISONER CIVIL RIGHTS |
| Plaintiff, Pro Se | 42 U.S.C. § 1983 |
| Vs. | Civil Action No. 1:22-CV-3684-LMM-JKL |
| GWINNETT COUNTY POLICE OFFICER HOWSE; et al., | |
| Defendants. | |

## MOTION TO APPOINT STAND-BY COUNSEL

NOW COMES, Kirk M. Fields, Plaintiff in the above-styled action and moves this Honorable Court for an order appointing Stand-by Counsel and as just cause for granting this motion Plaintiff shows the following:

### Ground 1.

Due to Plaintiff's indigent statis as well as being incarcerated and unable to obtain gainful employment he is unable to retain counsel on his own.

### Ground 2.

Due to Plaintiff's extremely limmited access to legal reference materials... as well as the complexity of the case at bar, the profesional assistance of a Lawyer trained in Law is greatly needed to adequately, sufficiently, and expediently present his case.

WHEREFORE, Plaintiff prays this Honorable Court appoint Stand-by Counsel in the above-styled action at its earliest convienience.

Humbly and Respectfully Requested this 20th day of April, 2023.

/s/ *[signature]*
KIRK MICHAEL FIELDS
Plaintiff, Pro Se
I/m No. 1143519

Riverbend Corr. & Rehab. Facility
196 Laying Farm Road
Milledgeville, GA 31061

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIRK MICHAEL FIELDS
Plaintiff, Pro Se

Vs.

GWINNETT COUNTY POLICE
Officer Howse, et al.,
Defendants.

PRISONER CIVIL RIGHTS

42 U.S.C. § 1983

CIVIL ACTION NO.
1:22-CV-3684-LMM-JKL

## CERTIFICATE OF SERVICE

This is to certify That I have this day served the defendants with a copy of the foregoing RESPONSE... via U.S. mail to the following:

ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No. 699920
@
Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046

Humbly & Respectfully Submitted on 4/20/2023

/s/ Kirk M. Fields

KIRK M. FIELDS
Plaintiff, Pro Se
No. 1143519

R.B. & R.F.
196 Laying Farm Rd.
Milledgeville, GA 31061

p. 15 of 15 pp.

KIRK M. FIELDS
G.D.C. #1143519 @ R.C. & R.F.
196 Laying Farm Rd.
Milledgeville, GA 31061

Hasler   FIRST-CLASS MAIL
04/24/2023
US POSTAGE $001.98⁰

CLEARED DATE
APR 26 2023
U.S. Marshals Service
Atlanta, GA 30303

INDIGENT
LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE S.W.
ATLANTA, GEORGIA 30303

**RIVERBEND CORRECTIONAL FACILITY**
**196 LAYFIELD FARM RD**
**MILLEDGEVILLE, GA 31061**

**The enclosed** letter was **processed** through special **mailing procedures** for forwarding **to you. The** letter has been **neither opened** nor inspected. **If the writer** raises a **question or problem** over which the **facility has jurisdiction,** you **may wish to return the material for** further **information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.**

**RIVERBEND CORRECTIONAL FACILITY**
**196 LAYFIELD FARM RD**
**MILLEDGEVILLE, GA 31061**

**The enclosed** letter was **processed** through special **mailing procedures** for forwarding to you.