**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, S.W.
ATLANTA, GEORGIA 30303

OFFICIAL BUSINESS



US POSTAGE PITNEY BOWES
ZIP 30303 $ 001.98⁰
02 1W
0001383857 MAY 17 2023

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta
JUN 20 2023
KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk



RETURN TO SENDER
REFUSED BY:
RIVERBEND CORRECTIONAL FACILITY
☐ NEED ID#
☑ INSUFFICIENT ADDRESS
☐ FULL NAME
☐ CONTRABAND

CLEARED DATE
JUN 20 2023
U.S. Marshals Service
Atlanta, GA 30303

```
NIXIE         326  5C 1          7206/15/23
         RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
           UNABLE TO FORWARD
BC: 30303330999      2247N167022-01146
```
UTF

**1:22-cv-03684-LMM-JKL Notice has been delivered by other means to:**

Kirk Michael Fields
#1143519
Riverbend Correctional & Rehab Facility
196 Laying Farm Rd.
Milledgeville, GA 31061

## Other Orders/Judgments

1:22-cv-03684-LMM-JKL Fields v. Gwinnett County et al

0months,NeedJgm,SLC6,SUBMDJ,SUBMMG

**U.S. District Court**

**Northern District of Georgia**

## Notice of Electronic Filing

The following transaction was entered on 5/17/2023 at 3:20 PM EDT and filed on 5/17/2023
**Case Name:**    Fields v. Gwinnett County et al
**Case Number:**    1:22-cv-03684-LMM-JKL
**Filer:**
**Document Number:** 23

**Docket Text:**
**ORDER AND NON-FINAL REPORT AND RECOMMENDATION: IT IS RECOMMENDED that Defendant Howse's motion to dismiss [14] be GRANTED IN PART AND DENIED IN PART, such that the motion be GRANTED to the extent that the official capacity state law property claim(s) be DISMISSED, and the remainder of the motion be DENIED. Plaintiffs motion for appointment of counsel and request to order that prison officials provide him with maximum access to copies, the law library, reference materials, and computers [10] is DENIED at this time. However, the Court CERTIFIES that this action is pending and requests that the appropriate officials at the Riverbend Correctional and Rehab Facility grant Plaintiff reasonable access to the law library, computer, and copier. The Clerk is DIRECTED to SUBSTITUTE Officer Smith for Officer John Doe, and to prepare a new service waiver package, including copies of the amended complaint [4], for Defendant Smith, and forward that package to Defendant Howses counsel along with a request that, within thirty days of the date of this Order Defendant Smith and/or counsel waive personal service on his behalf. If Defendant Howses counsel is unable to waive or otherwise except service on behalf of Defendant Smith, prior to that thirty day period counsel is instructed to provide a location and may do so under seal where Defendant Smith may be personally served, i.e., his last known home and work addresses. If counsel is unable to provide any portion of this information, counsel must provide this Court with a statement detailing the reasons therefor. Finally, I would remind the parties that prisoner civil rights cases are assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after the first Defendant appears by answer, file a motion requesting a discovery period. Signed by Magistrate Judge John K. Larkins, III on 5/17/2023. (jra)**

**1:22-cv-03684-LMM-JKL Notice has been electronically mailed to:**

Elizabeth B. Taylor     elizabeth.taylor@gwinnettcounty.com, donna.nightthunder@gwinnettcounty.com, tuwanda.williams@gwinnettcounty.com

**1:22-cv-03684-LMM-JKL Notice has been delivered by other means to:**

Kirk Michael Fields
#1143519
Riverbend Correctional & Rehab Facility
196 Laying Farm Rd.
Milledgeville, GA 31061

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stam p:**
[STAMP dcecfStamp_ID=1060868753 [Date=5/17/2023] [FileNumber=13267397-
0] [4e80f6df2c3300c14db482c610d2464cf06b90febc71e27134708fcb2d55e36f48
57667cf1bfa666ac88705e17eddbd87f4be1dc95496424c6d96d4d4c609b3e]]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KIRK MICHAEL FIELDS, Inmate No. 99001885, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. §1983 |
| v. | : : | CIVIL ACTION NO. 1:22-CV-3684-LMM-JKL |
| GWINNETT COUNTY POLICE OFFICER HOWSE; et al., Defendants. | : : : | |

## ORDER AND NON-FINAL REPORT AND RECOMMENDATION

On October 26, 2022, I entered a report and recommendation ("R&R") which recommended allowing Plaintiff's excessive force claim to proceed against Gwinnett County Police Officers Howse and John Doe, and recommended dismissing Plaintiff's false arrest, false imprisonment, and state law property claims. (Doc. 5). On November 21, 2022, the District Court adopted those portions of the R&R that recommended allowing Plaintiff's excessive force claim to proceed and dismissing the false arrest and false imprisonment claims without prejudice. (Doc. 8). But the District Court declined to adopt the remaining portion of the R&R and allowed Plaintiff's state law deprivation of property (*i.e.,* conversion) claim to proceed under the Court's supplemental jurisdiction. (Doc. 8).

I issued instructions for service of process on November 28, 2022. (Doc. 9). In that Order, I noted that Plaintiff had provided a specific enough description of

Officer John Doe necessary for the U.S. Marshal to identify him with reasonable effort and to serve him.[1] (*Id.*). Officer Howse executed and returned to the Clerk a waiver of service [Doc. 13], and has now filed a motion to dismiss. (Doc. 14). To date, Officer John Doe has not been served.

## II.   DEFENDANT HOWSE'S MOTION TO DISMISS

### A.   The Rule 12(b)(6) Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] Although as a general matter fictitious-party pleading is not permitted in federal court, there is a limited exception to the rule where the plaintiff's description of the defendant is specific enough to identify those unnamed defendants. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).

2

### B. Qualified Immunity

Although "qualified immunity is typically addressed at the summary judgment stage of the case," it may be granted on a motion to dismiss where the "complaint fails to allege the violation of a clearly established constitutional right." *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (citation omitted). "While there may be a dispute as to whether the alleged facts are the actual facts," *St. George v. Pinellas Cnty.*, 285 F.3d 1335, 1337 (11th Cir. 2002) (citation omitted), in reviewing a motion to dismiss based on qualified immunity, the Court must accept the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor and limiting review to the four corners of the complaint. *Id.*

"Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Davila v. Marshall*, 649 F. App'x 977, 981 (11th Cir. 2016) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002)). "At the motion to dismiss stage in the litigation, 'the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined.'" *Ledea v. Metro-Dade Cnty. Police Dep't*, 681 F. App'x 728, 729 (11th Cir. 2017) (quoting *Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010)). If the official demonstrates that he was acting within his discretionary authority, the plaintiff must establish that the official violated a statutory or

3

constitutional right, and that such right was clearly established at the time of the challenged conduct. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). This Court determines "clearly established" law from the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court. *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003).

Defendant Howse argues that he is entitled to qualified immunity because the force he used against Plaintiff was reasonable and *de minimus*. (Doc. 12). The Court previously determined that Plaintiff's allegations – which must be accepted as true and all reasonable inferences be drawn in his favor – plausibly stated an excessive force claim. (Docs 5, 8). Moreover, when determining whether force used by an officer was reasonable or excessive, the Court should consider several factors, including, *inter alia*, the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any effort made by the defendant to limit the amount of force, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). At the motion to dismiss stage, the record needs further development in order for this Court to analyze the *Kingsley* factors. Consequently, Defendant Howse's motion to dismiss based on qualified immunity should be denied.

4

## C. State Law Conversion Claim

### 1. Individual Capacity

The same holds true with Plaintiff's state law conversion claim against Defendant Howse in his individual capacity. To that end, Defendant Howse argues that he is entitled to official immunity because he did not have actual malice, that is, a deliberate intent to do wrong. Plaintiff responds that after arresting him on false charges, the officers did, in fact, deliberately leave his personal property abandoned on the side of the road knowing that he would be deprived of that property if it was left unattended. (Doc. 22). And Plaintiff alleged in the amended complaint that Defendants arrested him on totally false charges on more than just the two occasions about which he discusses in the amended complaint. (Doc. 4-1 at 4-5, 16). At this stage of the proceedings, and again construing Plaintiff's allegations in his favor, Plaintiff plausibly has alleged a deliberate intention to cause Plaintiff harm. *See, e.g., Croland v. City of Atlanta*, 782 F. App'x 753, 760 (11th Cir. 2019) (stating that an officer is not entitled to summary judgment on official immunity grounds "where sufficient evidence exists that – at the time of an arrest – the officer had actual subjective knowledge that no crime was committed"); *Lagroon v. Lawson*, 328 Ga. App. 614, 619 (2014) ("Actual malice requires a showing that the actor had a deliberate intention to do wrong, and wilful [sic] conduct is based on an actual intention to do harm or inflict injury."); *cf. Captain Jack's Crab Shack, Inc. v. Cooke*,

5

No. 21-11112, 2022 WL 4375364, at *13 (11th Cir. Sept. 22, 2022) (reversing denial of official immunity for conversion claim because defendants had probable cause); *Marro v. Henry Cnty.*, 491 F. Supp. 3d 1257, 1274 (N.D. Ga. 2020) (finding no evidence that defendant acted with malice or intent to injure plaintiff where defendant did not use excessive force), *appeal voluntarily dismissed*, No. 20-14053 (11th Cir. Dec. 7, 2021). Thus, at this juncture Defendant Howse is not entitled to official immunity in his individual capacity in connection with Plaintiff's state law conversion claim.

2. <u>Official Capacity</u>

Unlike the individual capacity state law conversion claim, however, Defendant Howse is entitled to sovereign immunity in his official capacity. Indeed, "[a]s a general rule, counties enjoy sovereign immunity. . . . And county officers sued in their official capacities – since a suit against a county officer in [his] official capacity is a suit against the county itself – enjoy the same sovereign immunity." *Layer v. Barrow Cnty.*, 297 Ga. 871, 871 (2015) (emphasis omitted). "Sovereign immunity 'can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.'" *Conway v. Jones*, 353 Ga. App. 110, 111-12 (2019) (quoting *Ratliff v. McDonald*, 326 Ga. App. 306, 309 (2014)). Plaintiff has not provided any case law or authority that would establish that sovereign immunity has been waived in connection with

6

his state law conversion claim against Defendant Howse in his official capacity; therefore, Defendant Howse's motion to dismiss that claim should be granted. *See id.* at 112.

### III.   PLAINTIFF'S MOTIONS

#### A.   Motions for Appointment of Counsel and Extended Law Library Access

Plaintiff has filed a motion for appointment of counsel and petition for a court order for extended law library access. (Doc. 10).[2] Plaintiff claims that he needs counsel because he has cognitive disabilities, is finding litigation to be "extremely cumbersome due to the complexity of this situation," he cannot afford counsel, and has limited access to legal reference materials. (Docs. 10, 22). "[W]hile civil plaintiffs have no right to counsel, the appointment of counsel is appropriate in exceptional circumstances. . . . 'The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.'" *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 (11th Cir. 2013) (citations omitted). This case does not involve any overly complex matters, and thus far Plaintiff has been able to present his position to the Court. Plaintiff's motion for appointment of counsel [Doc.

---

[2]   Plaintiff also submitted a motion to appoint stand-by counsel within his response to Defendant Howse's motion to dismiss. (Doc. 22 at 13-14). Despite the fact that it was not filed or docketed as a separate motion, I have considered the arguments contained therein.

7

10] is **DENIED**. If the Court determines at a later point in the proceedings that Plaintiff requires appointed counsel, it will reconsider Plaintiff's request.

In that same motion, Plaintiff states that without a court order he is only allowed access to the law library for one-and-a-half hours on a bi-weekly basis and only twenty minutes to access the computer for research. (Doc. 10 at 2). According to Plaintiff, if he receives a court order he will be allowed to make copies of motions and will be allowed extended time to access the law library, reference materials, and computer access. (*Id.*).

Plaintiff's motion for this Court to order prison officials to allow him maximum access to copies, the law library, reference materials, and computers also is **DENIED**, as his custodian is best able to allocate the available resources among the inmates confined in the facility. However, the Court will certify that this action is pending and request that officials at the Riverbend Correctional and Rehab Facility grant Plaintiff reasonable access to the law library, computer, and copier.

**B.   Plaintiff's Request for Permissive Joinder**

Plaintiff also indicates that he now has identified Officer John Doe as Officer Smith, Badge Number 1539, and asks the Court for permissive joinder of the parties under Rule 20(2)(B) of the Federal Rules of Civil Procedure. (Doc. 22 at 12). In the interest of judicial economy, I will construe Plaintiff's request for permissive joinder as a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) –

8

which requires that "leave shall be freely given when justice so requires" – to substitute Officer Smith for John Doe. This case is in the beginning stages, as Defendant Howse has not yet filed his answer, and neither party will be prejudiced by any such amendment. I therefore will allow Plaintiff to amend the complaint to substitute Officer Smith for Officer John Doe. As discussed previously herein in Section I., however, Defendant John Doe was not served within the ninety day period set forth in Fed. R. Civ. P. 4.

Rule 4 provides that if a defendant is not served within ninety days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve, however, the Court must extend the time for service for an appropriate period. *Id.* And a *pro se* prisoner plaintiff has "established good cause for Rule 4(m) purposes" if he provides enough information to identify an unnamed defendant, such that the U.S. Marshal can locate the defendant with reasonable effort. *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *see also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009) ("[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m).").

9

I have already determined that Plaintiff provided enough information for the U.S. Marshal to identify and serve Officer John Doe with reasonable effort, as Plaintiff identified him as a tall white male who was Defendant Howse's partner on June 10, 2021 and/or March 24, 2022, and who shot Plaintiff with a taser on one or both of those occasions.[3] (Doc. 11 at 4-5). Plaintiff also indicated on the USM service and summons forms that Cpl. Kirsten Luc, Badge No. 1536, would be able to identify John Doe. (*Id.* at 4). As such, Plaintiff has demonstrated good cause, and since Plaintiff now has identified John Doe as Gwinnett County Police Officer Smith, Badge No. 1539, I will extend the time period for service upon Defendant Smith.

It appears that counsel for Defendant Howse potentially also would represent Defendant Smith. In the hope of preserving judicial resources and for the purpose of judicial economy, I will direct the Clerk of Court to prepare a new service waiver package, including copies of the amended complaint [Doc. 4], for Defendant Smith, and forward that package to Defendant Howse's counsel, along with a request that, within thirty days of the date of this Order Defendant Smith and/or counsel waive personal service on his behalf.

---

[3] Plaintiff alleged in the amended complaint that he was shot with a taser numerous times on both occasions and that Officer Smith was the person who did so on March 24, 2022. It is not clear, however, whether it was Officer Smith who used the taser on Plaintiff on June 10, 2021.

10

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Howse's motion to dismiss [Doc. 14] be **GRANTED IN PART AND DENIED IN PART**, such that the motion be **GRANTED** to the extent that the official capacity state law property claim(s) be **DISMISSED**, and the remainder of the motion be **DENIED**.[4]

Plaintiff's motion for appointment of counsel and request to order that prison officials provide him with maximum access to copies, the law library, reference materials, and computers [Doc. 10] is **DENIED** at this time. However, the Court **CERTIFIES** that this action is pending and requests that the appropriate officials at the Riverbend Correctional and Rehab Facility grant Plaintiff reasonable access to the law library, computer, and copier.

The Clerk is **DIRECTED** to **SUBSTITUTE** "Officer Smith" for "Officer John Doe," and to prepare a new service waiver package, including copies of the amended complaint [Doc. 4], for Defendant Smith, and forward that package to

---

[4] Also for the purpose of judicial economy, this recommendation is the same for Defendant Smith, as the same reasoning applies, *i.e.*, at this stage of the proceedings there also is not a sufficient record to grant qualified or official immunity to Defendant Smith in connection with the excessive force and individual capacity state law conversion claims, respectively. Likewise, Defendant Smith also would be entitled to sovereign immunity in his official capacity as to the state law conversion claim.

11

Defendant Howse's counsel along with a request that, within thirty days of the date of this Order Defendant Smith and/or counsel waive personal service on his behalf.

If Defendant Howse's counsel is unable to waive or otherwise except service on behalf of Defendant Smith, prior to that thirty day period counsel is instructed to provide a location – and may do so under seal – where Defendant Smith may be personally served, *i.e.,* his last known home and work addresses. If counsel is unable to provide any portion of this information, counsel must provide this Court with a statement detailing the reasons therefor.

Finally, I would remind the parties that prisoner civil rights cases are assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after the first Defendant appears by answer, file a motion requesting a discovery period.

**SO ORDERED AND RECOMMENDED** this 17th day of May, 2023.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

## Orders on Motions

1:22-cv-03684-LMM-JKL Fields v. Gwinnett County et al

0months,NeedJgm,SLC6,SUBMDJ,SUBMMG

### U.S. District Court

### Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 5/17/2023 at 3:21 PM EDT and filed on 5/17/2023
**Case Name:** Fields v. Gwinnett County et al
**Case Number:** 1:22-cv-03684-LMM-JKL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER denying [10] Motion For Appointment of Counsel and Petition For A Court Order For Extended Law Library Access. Ruled on by Magistrate Judge John K. Larkins, III on 5/17/23 in [23] ORDER AND NON-FINAL REPORT AND RECOMMENDATION. (jra)**

**1:22-cv-03684-LMM-JKL Notice has been electronically mailed to:**

Elizabeth B. Taylor    elizabeth.taylor@gwinnettcounty.com, donna.nightthunder@gwinnettcounty.com, tuwanda.williams@gwinnettcounty.com

**1:22-cv-03684-LMM-JKL Notice has been delivered by other means to:**

Kirk Michael Fields
#1143519
Riverbend Correctional & Rehab Facility
196 Laying Farm Rd.
Milledgeville, GA 31061

## Other Orders/Judgments
1:22-cv-03684-LMM-JKL Fields v. Gwinnett
County et al

0months,NeedJgm,SLC6,SUBMDJ,SUBMMG

### U.S. District Court

### Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 5/17/2023 at 3:24 PM EDT and filed on 5/17/2023
**Case Name:** Fields v. Gwinnett County et al
**Case Number:** 1:22-cv-03684-LMM-JKL
**Filer:**
**Document Number:** 24

**Docket Text:**
**ORDER for Service of [23] Order & Report and Recommendation by Magistrate Judge John K. Larkins, III. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge John K. Larkins, III on 5/17/23. (jra)**


**1:22-cv-03684-LMM-JKL Notice has been electronically mailed to:**

Elizabeth B. Taylor    elizabeth.taylor@gwinnettcounty.com, donna.nightthunder@gwinnettcounty.com, tuwanda.williams@gwinnettcounty.com

**1:22-cv-03684-LMM-JKL Notice has been delivered by other means to:**

Kirk Michael Fields
#1143519
Riverbend Correctional & Rehab Facility
196 Laying Farm Rd.
Milledgeville, GA 31061

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=5/17/2023] [FileNumber=13267440-0] [2472bc619737b6948f6ee2b217cdb265f5cf656e0445b232ab6cec48e9697faec2 dfd04040e9ff2a062a905826948e68da3b7d7bec6790fc3a6823b60eb0e4ff]]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KIRK MICHAEL FIELDS, Inmate No. 99001885, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. §1983 |
| v. | : : | CIVIL ACTION NO. 1:22-CV-3684-LMM-JKL |
| GWINNETT COUNTY POLICE OFFICER HOWSE; et al., Defendants. | : : : | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, has been filed. The Report and Recommendation and a copy of this Order shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court, and

any appellate review of the factual and legal findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983); 11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED** this 17th day of May, 2023.

[signature]

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

2