IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA  DIVISION

KIRK MICHAEL FIELDS,          :
Inmate No. 99001885           :
                              :
    Plaintiff,                :
vs.                           :   CIVIL ACTION No.
                              :   1:22-cv-036824-LMM-JKL
GWINNETT COUNTY POLICE        :
OFFICER HOWSE et al           :
                              :
    Defendants.               :

## PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO MOTION TO DISMISS [DOC 33] AND LEAVE TO AMEND

Plaintiff moves for leave to file a Response to the Motion to Dismiss [Doc 33] and leave to amend, incorporating the below documents as follows:

## STATEMENT OF FACTS

1.      Plaintiff filed a *pro-se* Complaint raising civil rights claims for [Doc 1] who appeared in that capacity during most of this action.

2.      Several months later, Defendants were served and appeared in this matter who then filed Motions to Dismiss, granted and denied in part per the Order [Doc 27]. The Court granted a further extension of time to Defendant Smith per his motion and the Order [Doc 30] which Plaintiff did not receive [Doc 31]

3.      Plaintiff's Motion for Appointment of Counsel was granted for Mr. Wersant who then appeared in this matter [Doc 32] after which Defendant Smith

1

filed his second Motion to Dismiss [Doc 33] which was inadvertently diverted to a spam folder of which Plaintiff's counsel became aware today, who intends to move to amend or file an amended complaint as a matter of right per Fed. R. Civ. P. 15

4.     Plaintiff's counsel requests a 10-day extension to confer further with his client to respond the Motion or file an Amended Complaint or both.

5.     This relief will not delay this case or prejudice any party.

6.     Plaintiff reserves the right to further address these issues.

## **MEMORANDUM**

The Court is requested to take notice of these matters per Fed. R. Evid. 201 which may grant the relief sought. "[It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. N. Am. Co***., 299 U.S. 248, 254, 57 S. Ct. 163, 166, (1936) [discussed court's authority to stay case]

 First, the extension or leave can be granted for good cause which exists here and will not prejudice a party or delay this case. ***Pioneer Inv. Servs. v. Brunswick Assoc. Ltd Pship***, 507 U.S. 395 (1993).  [permitted late proof of claim which did not prejudice opponent or delay case] *See **Buford v. City of Atlanta***, LEXIS 166286 (N.D. Ga. 2011) [permitted amended response to motion, filed 4 days after deadline, which did not prejudice adversary] This Court exercised its discretion to consider a

2

response to a motion filed a week late, which did not prejudice any party at that stage of that case. ***Spence v. Family Dollar Stores of Ga., LLC***, LEXIS 120586, *2, WL 2660145 (N.D. Ga. 2021)

Second, this relief should also be granted for this case which Plaintiff promptly prosecuted and seeks to adjudicate on the merits regardless of this minor procedural default. This Circuit has a "strong policy of determining cases on their merits" and disfavors resolutions by mere procedural defaults. ***Gulf Coast Fans v. Midwest Elecs. Imps.***, 740 F.2d 1499, 1510-11 (11th Cir.1984)); ***Seven Elves v. Eskenazi***, 635 F.2d 396, 401-02 (5th Cir. Unit A Jan. 1981) [balancing of desire to preserve finality of judgments with the desire for judgments reflect case merits]; ***Valdez v. Feltman (In re Worldwide Web Sys***.), 328 F.3d 1291, 1295 (11th Cir, 2003); ***Cf. Banco Continental v. Curtiss Nat'l Bank of Miami Springs***,406 F.2d 510, 514 (5th Cir. 1969) ["purpose of Federal Rules is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities."] ***Foman v. Davis***, 371 U.S. 178, 181-82, 83 S. Ct. 227 (1962) ["The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."]

Third, leave to amend should be granted as follows:

Under Rule 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). *Importantly, the Court "should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute*." **_Pinnacle Advert. & Mktg. Grp. Inc. v. Pinnacle Advert. & Mktg. Group, LLC_**, 7 F.4th 989, 1000 (11th Cir. 2021). Moreover, the Supreme Court has clarified that Rule 15(a)(2)'s language allowing the district court to "freely give leave [to amend] when justice so requires" is a "mandate . . . to be heeded." **_Foman v. Davis_**, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). However, a district court need not give leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." **_Bryant v. Dupree_**, 252 F.3d 1161, 1163 (11th Cir. 2001). This Court does not find any circumstances warranting denial of leave to amend in this matter for three reasons: (1) the Court does not find undue delay, bad faith, or dilatory motive, and there has been no repeated failure to cure previous deficiencies; (2) allowing the amendment will not cause undue prejudice to Hi-Tech; and (3) the amendment does not appear to be futile." **_Hi-Tech Pharms., Inc. v. Procaps Labs., Inc_**., LEXIS 239079, *6-9  (N.D. Ga. 2022)

This matter should be decided on the merits requiring this relief

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a)     Leave to file its Response to the Motion to Dismiss [Doc 32] or Amended Complaint or both within 10 days.

(b)     All other just and proper relief.

## <u>CERTIFICATE OF SERVICE</u>

I certify a precise copy of this document was filed ECF on the below date

sending notice to counsel of record.

Respectfully submitted this 21st day of April 2023
By:    *<u>/s/Paul G. Wersant</u>*
       Paul G. Wersant
       Georgia Bar No. 748341
       3245 Peachtree Parkway, Suite D-245
       Suwanee, Georgia 30024
       Telephone: (678) 894-5876
       Email: pwersant@gmail.com
       Attorney for Plaintiff