# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KIRK MICHAEL FIELDS, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 99001885, | : | 42 U.S.C. §1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:22-CV-3684-LMM-JKL |
| GWINNETT COUNTY POLICE | : | |
| OFFICER HOWSE; et al., | : | |
|     Defendants. | : | |

## **FINAL REPORT AND RECOMMENDATION**

On November 21, 2022, the District Court adopted in part my report and recommendation to allow Plaintiff's claims for excessive force and for deprivation of property to proceed against Gwinnett County Officers Howse and Doe, who subsequently was substituted for Officer Smith. (Docs. 5, 8, 23, 26). Before Officer Smith was served, Officer Howse filed a motion to dismiss the complaint, and on June 8, 2023, the District Court adopted my report and recommendation ("R&R") to grant in part and deny in part the motion to dismiss. (Docs. 14, 23, 27). Specifically, the Court granted Officer Howse's motion to the extent that the official capacity state law property claims be dismissed, but the remainder of the motion be denied. (Docs. 23, 27). In that R&R, I also denied Plaintiff's motion for appointment of counsel. (Doc. 23).

Thereafter, counsel Paul Gerard Wersant notified the Court that he was interested in representing Plaintiff in this case pro bono. On July 13, 2023, I reconsidered Plaintiff's motion to appoint counsel, granted the motion, and

appointed Mr. Wersant. (Doc. 29). Mr. Wersant entered an appearance on July 29, 2023. (Doc. 32).

On July 31, 2023, Defendant Smith filed a motion to dismiss by incorporation by reference. (Doc. 33). On August 21, 2023, Plaintiff filed an emergency motion for extension of time to file a response to the motion to dismiss or to file an amended complaint. (Doc. 34). I granted Plaintiff's request by docket entry, and Plaintiff then had until August 31, 2023 to respond to the motion to dismiss or file an amended complaint. Plaintiff did not do either.

I entered another Order on September 19, 2023, which provided Plaintiff with fourteen days to respond to the motion to dismiss, file an amended complaint, or voluntarily dismiss this action. (Doc. 40). The Court advised Plaintiff that a failure to respond may lead to dismissal of this case pursuant to Fed. R. Civ. P. Rule 41(b) and LR 41.3(A)(2), NDGa. As of October 5, 2023, Plaintiff has not filed a response to the show cause Order; nor has he responded to the motion to dismiss, filed an amended complaint, or voluntarily dismissed this action.

Rule 4(b) of the Federal Rules of Civil Procedure allows a district court to "*sua sponte*" dismiss a party's action for failure to comply with the rules or any order of the court." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Likewise, this Court's local rules provide that a Court

may dismiss a case for want of prosecution if, *inter alia*, a party fails or refuses to obey a lawful order of the Court. *See* LR 41.3(A)(2), NDGa.

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to obey a lawful order of the court pursuant to Fed. R. Civ. P. 41(b) and LR 41.3(A)(2), NDGa.

**IT IS FURTHER RECOMMENDED** that Defendant Smith's motion to dismiss [Doc. 33] be **DENIED AS MOOT**.

**SO ORDERED** this 5th day of October, 2023.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE