# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KIRK MICHAEL FIELDS, | : | |
| Inmate No. 99001885, | : | |
|    Plaintiff, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. §1983 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| GWINNETT COUNTY POLICE; | : | 1:24-CV-2067-LMM-JKL |
| *et al.*, | : | |
|    Defendants. | : | |
| | : | |
| | : | |
| KIRK MICHAEL FIELDS, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 99001885, | : | 42 U.S.C. §1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:22-CV-3684-LMM-JKL |
| GWINNETT COUNTY POLICE | : | |
| OFFICER HOWSE; et al., | : | |
|    Defendants. | : | |

## **ORDER**

Plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. §1983 in September 2022, in which he raised claims against Gwinnett County Police Officers Howse and Smith regarding events that occurred during Plaintiff's arrest in 2021 during three periods of time:  June - July 2021, December 2021-January 2022, and

March 2022.¹ *Fields v. Gwinnett County Police*, Civil Action No. 1:22-CV-3684-LMM-JKL ("*Fields I*"). The Court allowed Plaintiff's excessive force and state-law deprivation of property claims to proceed against Officers Howse and Smith, and dismissed Plaintiff's false arrest and false imprisonment claims. (*Id.* at Docs. 5, 8).

Before Defendant Smith executed a waiver of service, Defendant Howse filed a motion to dismiss the complaint, which the Court granted with respect to the state-law property claim against Defendant Howse in his official capacity, and denied as to Plaintiff's remaining claims. (Docs. 14, 27). The Court found that the same reasoning applied to Defendant Smith and also dismissed the state-law property claim against him. (*Id.* at Docs. 14, 27).

Thereafter, counsel Paul Gerard Wersant notified the Court that he was interested in representing Plaintiff pro bono, and the Court appointed him on July 13, 2023. (*Id.* at Doc. 29). After Mr. Wersant entered a notice of appearance, [*id.* at Doc. 32], Defendant Smith filed a motion to dismiss the complaint by incorporation by reference on July 31, 2023. (*Id.* at 33). On August 21, 2023, Mr. Wersant filed an emergency motion for extension of time to file a response to the

---

¹ Plaintiff alleged that several unknown Gwinnett County police officers were involved in the events about which he complained. One of those officers Plaintiff originally named "John Doe" and identified him as Officer Howse's partner; however, since Plaintiff provided enough detail to identify him, Sgt. Smith was later substituted for John Doe. (*See* Doc. 23). None of the other unnamed officers were identified.

motion to dismiss and to amend the complaint, which the Court granted by docket entry. (*Id.* at Doc. 34). Plaintiff then had until August 13, 2023 to file a response and an amended complaint, but did neither.

As a result, I entered another Order on September 19, 2023, which provided Plaintiff with fourteen days to respond to the motion to dismiss, file an amended complaint, or voluntarily dismiss *Fields I*. (*Id.* at Doc. 40). Plaintiff did not respond to the September 19, 2023, Order; nor did he respond to the motion to dismiss, file an amended complaint, or voluntarily dismiss *Fields I*. I entered a final report and recommendation on October 5, 2023, which recommended dismissing *Fields I* without prejudice for Plaintiff's failure to obey an order of the Court [*id.* at Doc. 41], which the District Court adopted, and *Fields I* was dismissed on October 25, 2023 [*id.* Doc. 43].

Seven months later, on May 17, 2024, Plaintiff, *pro se*, filed a motion to appoint new counsel and a motion for an ex parte hearing, in which he appears to request setting aside the judgment and reopening the proceedings. (*Id.* at Docs. 45, 46). Meanwhile, Plaintiff filed another *pro se* civil rights complaint against Officers Howse, Smith, and two other Gwinnett County police officers. *See Fields v. Bishop*, Civil Action No. 1:24-CV-2067-LMM-JKL ("*Fields II*"). Although it is not clear, Plaintiff appears to complain in *Fields II* about the events at issue in *Fields I*, and

3

adds allegations complaining about another apparent arrest on March 11, 2024, by the same officers. *Fields II* at Doc. 1.

Because the issues in *Fields I* and *Fields II* appear to be similar, I find that it would "avoid unnecessary costs or delay" to consolidate the two actions pursuant to Federal Rule of Civil Procedure 42(a). "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte*." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1035 (5th Cir. 1984) (internal citations omitted). In this manner, government officials need not defend against multiple, similar suits, and Plaintiff need not incur the added financial burden of making periodic payments out of his inmate account to cover the costs of an additional filing fee.

The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** *Fields II* and **CONSOLIDATE** *Fields II* with, and add as a supplement to, *Fields I*.

Since previous appointed counsel failed to file an amended complaint or respond to Defendant Smith's motion to dismiss in *Fields I*, and because of the confusing nature of Plaintiff's allegations, I will **GRANT** Plaintiff's motion for appointment of new counsel [Doc. 45]. The Clerk is **DIRECTED** to **TERMINATE** Paul Gerard Wersant as counsel in this case. The Clerk is **DIRECTED** to contact the lawyers on the Court's list of *pro bono* counsel for civil cases to see if one of them will represent Plaintiff in this case. If a lawyer agrees to represent Plaintiff *pro*

*bono*, he or she shall promptly contact Plaintiff and enter an appearance in this case. Any such appointed counsel also should, within thirty days of the date counsel is appointed, file a perfected motion to set aside the judgment and respond to the merits of Defendant Smith's motion to dismiss. I will defer entering an order or a recommendation with regard thereto until such time as appointed counsel perfects the aforementioned issues. In the interim, Plaintiff shall be allowed to proceed *pro se*.

Plaintiff's motion for an ex parte hearing [Doc. 46], which the Court construes as a motion to set aside the judgment, is **DEFERRED** pending the appearance of new counsel.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned thirty days following the appearance of counsel.

**SO ORDERED** this 22nd day of May, 2024.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE