IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| | ) 1:22-cv-03684-LMM-JKL |
| v. | ) |
| GWINNETT COUNTY POLICE OFFICER HOWSE, *et al.* | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
GWINNETT COUNTY POLICE OFFICER HOWSE TO COMPLAINT
FILED IN THIS ACTION ON MAY 24, 2024**

COMES NOW Gwinnett County Police Officer Howse, a named Defendant herein, and files this, his Answer and Defenses to the claims in Plaintiff's 2024 Complaint [Doc. 49] allowed to proceed as set forth in the Court's Order [Doc. 48], showing the Court as follows:

FIRST DEFENSE

Plaintiff's 2024 Complaint fails to state a claim upon which relief can be granted under either Georgia or federal law.

SECOND DEFENSE

Plaintiff's 2024 Complaint should be dismissed for failure to perfect timely

service of process.

## THIRD DEFENSE

Plaintiff's federal claims against the Defendant are barred in whole or in part by the doctrine of qualified immunity. Plaintiff's state-law claims against the Defendant is barred in whole or part by the doctrines of sovereign immunity, official immunity, and discretionary act immunity pursuant to the Georgia Constitution and the laws of the State of Georgia.

## FOURTH DEFENSE

The state-law claims against the Defendant should be dismissed, because Plaintiff failed to give an ante litem notice as required by Georgia law as a prerequisite to bringing the state-law claims set forth in the 2024 Complaint.

## FIFTH DEFENSE

No act or omission on the part of this Defendant proximately caused or contributed to any damages Plaintiff claims to have sustained.

## SIXTH DEFENSE

Plaintiff's allegations do not support a claim for relief under 42 U.S.C. §1983, as any deprivation alleged therein does not rise to the level of a constitutional or federal law violation.

## SEVENTH DEFENSE

Any force used was justified due to Plaintiff's initiated and exhibited behavior so as to be a danger to himself and/or others.

## EIGHTH DEFENSE

All applications of force were reasonable under the totality of the circumstances.

## NINTH DEFENSE

Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of Georgia or any political subdivision thereof, nor has Defendant violated any act of Congress providing for the protection of civil rights.

## TENTH DEFENSE

The Defendant breached no duty to the Plaintiff with regard to the alleged claims against this Defendant.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks damages, monetary recovery, and/or attorney's fees under state law and/or the Constitution of the State of Georgia against this Defendant, such claims are barred because this Defendant was at all relevant times acting in a

good faith performance of his discretionary duties.

## TWELFTH DEFENSE

Plaintiff's alleged claims for injuries and damages are barred in whole or in part because Plaintiff's actions and activities contributed in whole or in part to Plaintiff's alleged injuries or damages.

## THIRTEENTH DEFENSE

Plaintiff's alleged claims for excessive force are barred because Plaintiff has failed to allege and cannot show that any actions of this Defendant with regard to Plaintiff were unreasonable or in bad faith.

## FOURTEENTH DEFENSE

Plaintiff's alleged claims against the Defendant herein are barred, because he acted in good faith and without malice at all times relevant to Plaintiff's allegations.

## FIFTEENTH DEFENSE

Plaintiff has failed to exhaust his remedies as may be required under the law.

## SIXTEENTH DEFENSE

Defendant asserts any and all affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter be applicable to this action.

## SEVENTEENTH DEFENSE

Defendant denies that he is liable to Plaintiff for any claims made in the 2024 Complaint, including, but not limited to, any state-law tort claim for deprivation of property and any claims of excessive force. Defendant attempts below to respond to Plaintiff's allegations contained in the "Statement of Claim" section of the 2024 Complaint as follows:

1.

This Defendant is without sufficient knowledge to either admit or deny any allegations regarding any interaction between Plaintiff and "Officer Bishop" in December of 2021. As such, said allegations stand denied. Otherwise, Defendant denies Plaintiff's allegations, if any, regarding any incident involving Defendant in December of 2021.

2.

This Defendant denies any allegations that he lied or falsely testified regarding any of his interactions with Plaintiff.

3.

The Defendant is without sufficient knowledge to either admit or deny the allegations regarding any interactions between Plaintiff and his attorney or any

attempt to obtain an expert. As such, said allegations stand denied.

4.

The Defendant is without sufficient knowledge to either admit or deny the allegations regarding any Open Records Request by Plaintiff. As such, said allegations stand denied.

5.

The Defendant is without sufficient knowledge to either admit or deny the allegations regarding any disease of Plaintiff. As such, said allegations stand denied.

6.

The Defendant denies that he has violated Plaintiff's Eighth Amendment rights.

7.

The Defendant denies that he used excessive force or illegally arrested Plaintiff.

8.

The Defendant is without sufficient knowledge to either admit or deny the allegations regarding the adequacy of Plaintiff's attorney, Plaintiff's Sixth Amendment rights regarding said counsel, Plaintiff's speedy trial rights, or any plea entered by Plaintiff. As such, said allegations stand denied.

9.

This Defendant is without sufficient knowledge to either admit or deny any allegations regarding any interaction between Plaintiff and "Officer Bishop" in December of 2021. As such, said allegations stand denied. Otherwise, Defendant denies Plaintiff's allegations, if any, regarding any incident involving Defendant in December of 2021.

10.

Defendant is without sufficient knowledge to either admit or deny any allegations regarding any interaction between Plaintiff and attorney Dale Wren. As such, said allegations stand denied.

11.

As no drawing was attached to the 2024 Complaint filed in this action, Defendant is without sufficient knowledge to either admit or deny any allegations regarding same. As such, said allegations stand denied. Otherwise, Defendant denies Plaintiff's allegations, if any, regarding any incident involving Defendant in December of 2021.

12.

The Defendant denies that he has violated Plaintiff's due process rights and/or

Plaintiff's rights under the Fourteenth Amendment.

13.

Defendant denies Plaintiff's allegations, if any, regarding any incident involving Defendant in March of 2021.

14.

Defendant denies Plaintiff's allegations, if any, regarding any incident involving Defendant in March of 2024.

15.

Defendant adopts his Answer and Affirmative Defenses set forth in Document 39 filed on September 15, 2023 in this action as if fully set forth herein.

16.

Any allegation contained in the Amended Complaint not specifically admitted herein is denied.

17.

The Defendant denies that Plaintiff is entitled to any relief sought in the 2024 Complaint.

WHEREFORE, Defendant prays that he be discharged with all costs cast against the Plaintiff.

This 6th day of June, 2024.

                              CAROTHERS & MITCHELL, LLC

                              */s/ Angela C. Couch*
                              Richard A. Carothers
                              Georgia Bar No. 111075
                              Angela C. Couch
                              Georgia Bar No. 190005
                              Attorneys for Defendant Howse

1809 Buford Highway
Buford, Georgia 30518
Phone:  770-932-3552
Fax: 770-932-6348
richard.carothers@carmitch.com
angela.couch@carmitch.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| ) | 1:22-cv-03684-LMM-JKL |
| v. ) | |
| ) | |
| GWINNETT COUNTY POLICE ) | |
| OFFICER HOWSE, *et al.* ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE AND
COMPLIANCE WITH L.R.5.1B**

I HEREBY CERTIFY that I have this date electronically filed the **ANSWER AND AFFIRMATIVE DEFENSES OF GWINNETT COUNTY POLICE OFFICER HOWSE TO COMPLAINT FILED IN THIS ACTION ON MAY 24, 2024** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Edwin Allen Page
Bondurant Mixon & Elmore LLP
One Atlantic Center, Suite 3900
1201 W. Peachtree Street NW
Atlanta, Georgia 30309

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

This 6th day of June, 2024.

                                          CAROTHERS & MITCHELL, LLC

                                          */s/ Angela C. Couch*  
                                          Richard A. Carothers  
                                          Georgia Bar No. 111075  
                                          Angela C. Couch  
                                          Georgia Bar No. 190005  
                                          Attorneys for Defendant Howse

1809 Buford Highway  
Buford, Georgia 30518  
Phone:  770-932-3552  
Fax: 770-932-6348  
richard.carothers@carmitch.com  
angela.couch@carmitch.com