# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY, *et. al*,<br><br>Defendants. | Case No.<br>1:22-CV-3684-LMM-JKL |

### PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT

For reasons largely beyond his control, Plaintiff Kirk Fields has found himself currently shut out of a meritorious case. But despite—or perhaps because of—the whipsaw exigencies of incarceration and homelessness, not only does Mr. Fields have plausible claims, he also has a valid legal basis to revive those claims here and now. The "incessant command of the court's conscience" is that "justice be done in light of all the facts." *Poarch v. Caliber Home Loans*, No. 1:19-CV-02785-SDG, 2020 WL 7416193, at *1 (N.D. Ga. May 19, 2020) (granting a motion to set aside). To obtain that justice, and pursuant to the Court's Appointment Order [Dkt. 48], Mr. Fields hereby moves this Court to set aside the (non-merits, non-prejudicial) judgment previously entered against him [Dkt. 43].

1

## BACKGROUND

From the time of filing his Complaint in 2022, Mr. Fields—who was then incarcerated—managed to successfully prosecute this action *pro se*, surviving both the initial frivolity review [*see* Dkt. 8] as well as a substantive Motion to Dismiss filed by one of the primary Defendants [*see* Dkt. 23]. As the Court twice found, Mr. Fields had plausibly stated claims that entitled him to relief.

But starting in May 2023, three changes upended that progress. *First*, Mr. Fields was released from prison. [*See* Dkt. 49 at 2]. And because he was homeless, he could no longer access the mail, either to send or receive Court filings. [*See* Dkt. 28, 31 (indicating that mail sent to Plaintiff was returned undeliverable)]. *Second*, an attorney named Paul Wersant volunteered to the Court to be appointed as Mr. Fields's counsel. [Dkt. 29]. And while appointment of counsel would ordinarily be a boon, because Mr. Fields was homeless, he had no way to communicate or contact his new attorney. In fact, Mr. Fields was not even aware that an attorney had been appointed on his behalf until recently. [*See* Dkt. 45 (requesting appointment of counsel).] *Third*, an additional, previously unknown Defendant was identified, was served, and filed his own Motion to Dismiss, which incorporated by reference the previously filed (and already adjudicated) Motion. [Dkt. 33].

These new circumstances culminated in the case being dismissed without prejudice. Mr. Fields's prior counsel initially filed a request for an extension,

indicating that that notification of the Motion to Dismiss was sent to his spam folder, and that Mr. Fields intended to amend the Complaint. [Dkt. 33]. But thereafter, prior counsel failed to respond to the Motion or amend the Complaint, either within the initial deadline or after the Court ordered a response. [*See* Dkt. Entry dated 8/22/23, Dkt. 40]. Accordingly, the Court dismissed. [Dkt. 43].

A few months later, Mr. Fields was re-arrested. Once again incarcerated, he was again able to access case materials, and he promptly filed with the Court additional documents, including a request to have counsel appointed and for an update on the status of his cases. [*See* Dkts. 45, 46, 49]. In response, the Court appointed new Counsel and directed Mr. Fields (via Counsel) to move to set aside the judgment and to address the substantive arguments in the Motion to Dismiss. [Dkt. 48]. Pursuant to that directive, Mr. Fields now timely brings this Motion.[1]

## ARGUMENT

**1. The Court Should Set Aside the Judgment**

Federal Rule of Civil Procedure 60(b) permits a Court to apply its discretion to set aside a prior judgment under certain circumstances. Rule 60's purpose "is to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's

---

[1] Should the Court grant this Motion, Counsel anticipates moving to extend the deadline for service under Rule 4(m) to address the defense raised by the Answers recently filed [Dkts. 53–55] and thereafter to amend the Complaint.

3

conscience that justice be done in light of all the facts.'" *Poarch v. Caliber Home Loans*, No. 1:19-CV-02785-SDG, 2020 WL 7416193, at *1 (N.D. Ga. May 19, 2020) (quoting *Chege v. Ga. Dep't of Juvenile Justice*, 787 F. App'x 595, 597 (11th Cir. 2019) and *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

In this instance, the Court should set aside the Judgment under Rule 60(b)(1) because Mr. Fields's failure to follow the Court's order—which led to the judgment—was due to "excusable neglect."² Under that prong, "[t]he factors the Court should consider are: (1) prejudice to the opposing party; (2) the length of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at *2. Here, all four factors weigh in favor of relief.

---

² Mr. Fields believes that the "excusable neglect" standard is the proper one here, given that his has moved to set aside within the one-year deadline and prior counsel bore some responsibility to act on his behalf. But in the alternative, to the extent the Court determines that the circumstances were entirely beyond Mr. Fields's control, relief would be still warranted under Rule 60(b)(6):

> The basis of his petition was not that he had neglected to act in his own defense, but that in jail as he was, weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one, disturbed and fully occupied in efforts to protect himself against the gravest criminal charges, he was no more able to defend himself in the New Jersey court than he would have been had he never received notice of the charges. Under such circumstances petitioner's prayer for setting aside the default judgment should not be considered only under the excusable neglect, but also under the 'other reason' clause of 60(b), to which the one year limitation provision does not apply.

*Klapprott v. United States*, 335 U.S. 601, 614 (1949) (setting aside default judgment after four years).

*First*, Defendants will suffer no prejudice. The judgment here was not on the merits; rather, it was essentially a default judgment. And case law makes clear that "Default judgments are disfavored[,] and Defendants cannot be said to be prejudiced by the potential of having to defend this action on its merits." *Poarch*, 2020 WL 7416193, at *2. That is particularly true when, as here, Mr. Fields already (partially) *prevailed* on a Motion to Dismiss. (As discussed in Section 2 below, the Motion to which Mr. Fields failed to respond was a repeat of that prior Motion.)

In addition to their Motion(s) to Dismiss, Defendant Officers Howse and Smith have already filed Answers [*see* Dkts. 51–52]; they are therefore prepared to defend the cases on the merits. As for the remaining Defendants, who have challenged the lack of service [*see* Dkts. 53–55], Mr. Fields intends to move to extend the service deadline under Rule 4(m); thus, those Defendants will be able to appropriately contest service. As such, there will be "minimal prejudice to Defendants if the Court vacates the judgment, reopens the action, and provides additional time to Plaintiff to file an amended pleading." *Poarch*, 2020 WL 7416193, at *2.

*Second*, the delay here was not overly long and, for the reasons explained above, will not impact the proceedings. For starters, the delay of a few months is well within the one-year deadline contemplated by the Rule. *See* Fed. R. Civ. P. 60(c)(1). Courts have set aside judgments for much longer periods of time. *See, e.g., Klapprott v. United States*, 335 U.S. 601, 616 (1949) (setting aside after delay of four

5

years). Beyond that, the Rule requires only that the Motion be made within a "reasonable time." *Id.* And Mr. Fields has been as diligent as circumstances allow: approximately two months after he was re-arrested in March 2024, Mr. Fields filed his request for a status update and to appoint counsel. [Dkt. 45]. And now, Mr. Fields has filed this Motion within 30 days of Counsel's appointment, as directed.

*Third*, the delay was primarily caused by circumstances beyond Mr. Fields's control. As explained above, Mr. Fields's release from incarceration and homelessness prevented him from adequately participating in the case on his own. As the undeliverable mail records and subsequent filings make clear, Mr. Fields had no actual knowledge of the incorporated Motion to Dismiss or the Order requiring a response. Courts have set aside default judgments when a plaintiff demonstrates he did not receive service. *See Poarch*, 2020 WL 7416193, at *2 ("Mail is sometimes misdirected, so it takes no stretch of the imagination to understand that Plaintiff may not have received mail service of that Order."). The same result follows here.

Indeed, the same result follows *despite* Mr. Fields's prior counsel's self-initiated appointment and nominal representation. That is because, under the unusual facts of this case, that appointment and representation actually worked *against* Mr. Fields. The docket reveals that Mr. Fields had stopped receiving service in June 2023. [*See* Dkts. 28, 31]. But after counsel was appointed, by virtue of that purported representation, Mr. Fields was nevertheless deemed served via electronic

6

filing. *See* Fed. R. Civ. P. 5(b)(1) (mandating service on attorney when party is represented), (b)(2)(E) (allowing service via e-filing). Yet, as explained above, Mr. Fields never spoke with prior counsel and had no knowledge of his appointment. And prior counsel never provided any explanation for failing to respond or amend the Complaint. So the "service" on Mr. Fields was utterly ineffectual, and Mr. Fields's failure to respond to the Motion was outside of his control.

*Fourth*, Mr. Fields has acted in good faith during this delay and throughout his pursuit of the case, particularly given his severely constrained resources. Counsel too has endeavored in good faith to locate and contact Mr. Fields,[3] to investigate his allegations through open records requests and discussions with Mr. Fields, and to confer with counsel for Defendants about proceeding efficiently.

In sum, all four factors weigh in Mr. Fields's favor. As the Court's appointment order already contemplates, this is exactly the sort of case where the balance

---

[3] After his appointment on May 28, Counsel began reviewing public records regarding Plaintiff's incarceration status. At the time, jail records indicated that Plaintiff was being held at the Gwinnett County Detention Center. Beginning on May 29, Counsel then submitted a series of open records requests related to both Plaintiff's incarceration and his underlying. Next, on June 4, Counsel attempted to visit Plaintiff at the Detention Center only to learn that Plaintiff had been released from detention a few days earlier on May 31. Counsel was unable to obtain any records or explanation for Plaintiff's release or any contact information for him from the Detention Center. Counsel (eventually) made contact with Plaintiff through a friend identified as having provided a bail amount for Plaintiff in one of the criminal records provided by the County through the open records requests. Counsel has now met with Plaintiff and taken what steps he can to try to ensure that Plaintiff and Counsel can communicate reliably.

tips toward "the incessant command . . . that justice be done in light of all the facts." *Poarch*, 2020 WL 7416193, at *1. Barring Mr. Fields from pursuing a meritorious case on a procedural failure for reasons largely beyond his limited control does not serve the interests of justice. Accordingly, the Court should grant this Motion, set aside the judgment, and let this case proceed on the merits.

**2. The Prior Filed Motion to Dismiss Should Not Preclude Relief**

As part of the Judgment, the Court also denied Defendant Officer Smith's Motion to Dismiss as moot. [Dkt. 43 at 2]. In the Appointment Order, the Court directed Mr. Fields (via Counsel) to "respond to the merits" of that Motion. [Dkt. 48 at 5]. But Plaintiff respectfully contends that the Court should not consider a merits response at this stage. That is for two reasons:

*First*, the Motion was effectively already argued and adjudicated on the merits. In his Motion [Dkt. 33], Defendant Officer Smith did not raise any new or independent grounds, but merely incorporated Defendant Officer Howse's prior Motion [Dkt. 14]. Pretermitting whether doing so was proper in the first instance—Defendant Howse's Motion centers on *his* individual conduct [*see, e.g.,* Dkt 14-1 at 12 (discussing "Officer Howse's alleged push")]—Mr. Fields already responded to the merits in his prior filing. [Dkt. 22].

Moreover, the Court already (partially) denied the original Motion. [Dkt. 23.] So Defendant Officer Smith's subsequent incorporation could necessarily

obtain relief only to the extent of the Court's partial grant. Put differently, the *merits* of Defendant Smith's Motion were insufficient to warrant dismissal of the entire case. (That is why the judgment and dismissal for failure to respond are better understood as akin to a sanction, like a default.) As such, the merits of that Motion should not now prevent Mr. Fields from pursuing his case.

*Second*, Mr. Fields (via Counsel) intends to amend the Complaint, which would defeat the purpose of addressing the merits now. From a technical standpoint, an amended Complaint would moot the Motion. *See, e.g., Open on Sunday LLC v. Michel*, No. 1:22-CV-04167-SCJ, 2023 WL 3875051, at *2 (N.D. Ga. Apr. 28, 2023) ("[A]n amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint.").

And practically speaking, addressing the merits now would be inefficient. The Court previously acknowledged that Mr. Fields's allegations were "confusing." [Dkt. 48 at 4]. Counsel now has the benefit of having obtained records, including incident reports and body cam footage, which Mr. Fields did not previously have; thus, Mr. Fields is far better positioned to clarify his allegations and align the pleadings with the facts.[4]

---

[4] In particular, an initial review of the records suggests that Officer Smith may not even be a proper defendant, and thus he may not ultimately need to litigate the merits. However, Mr. Fields notes that the investigation is ongoing, and Mr. Fields does not intend to waive any claims as against Officer Smith.

Ultimately, the parties and the Court would benefit by first addressing the procedural issues, resetting the pleadings, and thereafter proceeding to the merits. Doing so would best serve the "interest of efficient judicial administration"— one of the key factors in addressing a motion to set aside. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Accordingly, Defendant Officer Smith's Motion to Dismiss should present no obstacle to the Court granting Mr. Fields's procedural relief at this stage.[5]

## CONCLUSION

For the reasons explained above, the Court should grant Plaintiff Kirk Fields's Motion to Set Aside the Judgment. If the Court agrees, upon granting, Mr. Fields requests that the Court direct the parties to confer about and submit a joint proposed schedule for filing subsequent motions and pleadings.

*[Signature appears on the following page.]*

---

[5] Of course, if the Court disagrees and still wants to review the merits now, Mr. Fields would be happy to submit a supplemental filing outlining his merits case.

10

## **Signature of Counsel**

Respectfully submitted, this 27th day of June, 2024.

>*/s/ E. Allen Page*
>E. Allen Page
>Georgia Bar No. 640163
>**BONDURANT, MIXSON**
>**& ELMORE, LLP**
>1201 W Peachtree St NW
>Suite 3900
>Atlanta, GA 30309
>Tel: 404-881-4100
>page@bmelaw.com
>
>*Attorney for Plaintiff*

## Certificate of Compliance

Pursuant to Local Rule 7.1(D), I certify that this submission complies with the page and word requirements in Local Rule 5.1 because it is less than 25 pages and prepared with size 13 Book Antiqua font.

*/s/ E. Allen Page*
E. Allen Page

## Certificate of Service

I certify that on June 27, 2024, I submitted this filing via the Court's CM/ECF system, which will serve an electronic copy on all counsel of record.

*/s/ E. Allen Page*
E. Allen Page