IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, <br><br> Plaintiff, <br><br> v. <br><br> GWINNETT COUNTY, *et al.*, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:22-CV-3684-LMM-JKL |

**PLAINTIFF'S BRIEF IN SUPPORT OF
REPORT AND RECOMMENDATION**

Plaintiff Kirk Fields does not object to Judge Larkins's Report and Recommendation. [Dkt. 63.] Mr. Fields writes only to clarify one aspect of the R&R. In particular, Mr. Fields requests that, when adopting the R&R, the Court expressly extend the service deadline under Rule 4(m) contemporaneously with its order directing leave and prior to any amendment.

In effect, the R&R already does this. Judge Larkins not only recommends that this Court grant Mr. Fields's unopposed Motion to Set Aside, but he also recommends—over Defendants' objections—that the Court then permit Mr. Fields to amend the Complaint and allow Plaintiff "to perfect service on any unserved named defendants." [Dkt. 63 at 3.]

Though the R&R does not expressly say it, Rule 4(m) is the procedural

mechanism by which the Court permits a plaintiff to perfect service outside the ordinary 90-day deadline. The Rule states that the Court "must extend the time for service for an appropriate period" if the plaintiff makes a showing of "good cause."

Judge Larkins has already found that Mr. Fields made that showing. As he said, "While the Court appreciates Defendants' concern with the pace of this action, it is in its present state due to no fault of Plaintiff." [Dkt. 63 at 3.] In other words, Mr. Fields has demonstrated good cause for why service has not yet been perfected on certain "named defendants," including those who already challenged lack of service [*Id.*]. Thus, the R&R already warrants the relief mandated by Rule 4(m).

Further, expressly extending the deadline under Rule 4(m) effectuates the R&R by avoiding any ambiguity that might arise under Rule 15 when Mr. Fields later amends the Complaint. It is the best way to fully ensure that Mr. Fields—now represented by Counsel—can pursue his claims on the merits against the proper defendants, as Judge Larkins recommends he should.

Accordingly, Mr. Fields requests that the Court expressly indicate that it is extending the service deadline under Rule 4(m) when adopting the R&R.

*[Signatures appear on the following page.]*

Respectfully submitted, this 8th day of August, 2024.

                                        */s/ E. Allen Page*
                                        Amanda Kay Seals
                                        Georgia Bar No. 502720
                                        E. Allen Page
                                        Georgia Bar No. 640163
                                        BONDURANT, MIXSON
                                            & ELMORE, LLP
                                        1201 West Peachtree Street, NW
                                        Suite 3900
                                        Atlanta, GA 30309
                                        Tel: 404-881-4100
                                        seals@bmelaw.com
                                        page@bmelaw.com

                                        *Attorneys for Plaintiff*

Signature Page

## **Certificate of Compliance**

Pursuant to Local Rule 7.1(D), I certify that this submission complies with the page and word requirements in Local Rule 5.1 because it is less than 25 pages and prepared with Book Antiqua 13-point font.

                                       */s/ E. Allen Page*
                                       E. Allen Page

Certificate of Compliance

## Certificate of Service

I certify that on August 8, 2024, I submitted the foregoing *Plaintiff's Brief in Support of Report and Recommendation* via the Court's CM/ECF system, which will serve an electronic copy on all attorneys of record.

*/s/ E. Allen Page*
E. Allen Page
