A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| ) | 1:22-cv-03684-LMM-JKL |
| v. ) | |
| ) | |
| GWINNETT COUNTY POLICE ) | |
| DEPARTMENT, ARIEL STEWART, ) | |
| WAYNE JOHNSON, ROINELL LEWIS, ) | |
| CHRISTIAN D'ALLAIRD, ) | |
| KYLE HOWSE, & KAYELYN LEWIS, ) | |
| ) | |
|     Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
KYLE HOWSE TO AMENDED COMPLAINT
FILED ON SEPTEMBER 9, 2024**

COMES NOW Kyle Howse, a named Defendant herein, and files this, his

Answer and Defenses to the claims in Plaintiff's September 9, 2024 Amended

Complaint [Doc. 75], showing the Court as follows:

FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be

granted under either Georgia or federal law.

### SECOND DEFENSE

Plaintiff's Amended Complaint should be dismissed for failure to perfect timely service of process.

### THIRD DEFENSE

Plaintiff's federal claims against this Defendant are barred in whole or in part by the doctrine of qualified immunity.  Plaintiff's state-law claims against this Defendant are barred in whole or part by the doctrines of sovereign immunity, official immunity, and discretionary act immunity pursuant to the Georgia Constitution and the laws of the State of Georgia.

### FOURTH DEFENSE

The state-law claims against this Defendant should be dismissed, because Plaintiff failed to give an ante litem notice as required by Georgia law as a prerequisite to bringing the state-law claims set forth in the Amended Complaint.

### FIFTH DEFENSE

No act or omission on the part of this Defendant proximately caused or contributed to any damages Plaintiff claims to have sustained.

### SIXTH DEFENSE

Plaintiff's allegations do not support a claim for relief under 42 U.S.C. §1983,

as any deprivation alleged therein does not rise to the level of a constitutional or federal law violation.

## SEVENTH DEFENSE

Any force used was justified due to Plaintiff's initiated and exhibited behavior so as to be a danger to himself and/or others.

## EIGHTH DEFENSE

All applications of force were reasonable under the totality of the circumstances.

## NINTH DEFENSE

This Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of Georgia or any political subdivision thereof, nor has this Defendant violated any act of Congress providing for the protection of civil rights.

## TENTH DEFENSE

This Defendant breached no duty to the Plaintiff with regard to the alleged claims against this Defendant.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks damages, monetary recovery, and/or attorney's

fees under state law and/or the Constitution of the State of Georgia against this Defendant, such claims are barred because this Defendant was at all relevant times acting in a good faith performance of his discretionary duties.

TWELFTH DEFENSE

Plaintiff's alleged claims for injuries and damages are barred in whole or in part because Plaintiff's actions and activities contributed in whole or in part to Plaintiff's alleged injuries or damages.

THIRTEENTH DEFENSE

Plaintiff's alleged claims for excessive force are barred because Plaintiff has failed to allege and cannot show that any actions of this Defendant with regard to Plaintiff were unreasonable or in bad faith.

FOURTEENTH DEFENSE

Plaintiff's alleged claims against this Defendant herein are barred, because this Defendant acted in good faith and without malice at all times relevant to Plaintiff's allegations.

FIFTEENTH DEFENSE

Plaintiff has failed to exhaust his remedies as may be required under the law. This is especially true regarding Plaintiff's false arrest and excessive force claims,

since Plaintiff entered a guilty plea to three counts of obstruction.

<u>SIXTEENTH DEFENSE</u>

This Defendant asserts any and all affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter be applicable to this action.

<u>SEVENTEENTH DEFENSE</u>

This Defendant denies that he is liable to Plaintiff for any claims made in the Amended Complaint, and responds to the enumerated paragraphs of the Amended Complaint as follows:

**Preliminary Statement**

1.

The allegations set forth in Paragraph 1 are denied.

2.

The allegations against this Defendant set forth in Paragraph 2 are denied. This Defendant is without knowledge regarding any allegation concerning another Defendant; as such said allegations stand denied.

*(continued on following page)*

## Parties

3.

This Defendant is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 3, and as such, said allegations stand denied.

4.

The allegations in Paragraph 4 do not address this Defendant and therefore do not require a response from this Defendant.  However, to the extent the statements in Paragraph 4 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, those statements and allegations/claims are denied.

5.

The allegations in Paragraph 5 do not address this Defendant and therefore do not require a response from this Defendant.  However, to the extent the statements in Paragraph 5 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, those statements and allegations/claims are denied.

6.

The allegations in Paragraph 6 do not address this Defendant and therefore do

not require a response from this Defendant.  However, to the extent the statements in Paragraph 6 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, those statements and allegations/claims are denied.

7.

The allegations in Paragraph 7 do not address this Defendant and therefore do not require a response from this Defendant.  However, to the extent the statements in Paragraph 7 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, those statements and allegations/claims are denied.

8.

The allegations in Paragraph 8 do not address this Defendant and therefore do not require a response from this Defendant.  However, to the extent the statements in Paragraph 8 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, those statements and allegations/claims are denied.

9.

This Defendant admits the allegations contained in the first sentence of

Paragraph 9; all remaining allegations in said paragraph are denied.

10.

The allegations in Paragraph 10 do not address this Defendant and therefore do not require a response from this Defendant.  However, to the extent the statements in Paragraph 10 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, those statements and allegations/claims are denied.

**Jurisdiction and Venue**

11.

This Defendant denies as stated the allegations set forth in Paragraph 11.

12.

This Defendant denies as stated the allegations set forth in Paragraph 12.

13.

This Defendant denies as stated the allegations set forth in Paragraph 13.

14.

This Defendant denies as stated the allegations set forth in Paragraph 14.

15.

This Defendant denies as stated the allegations set forth in Paragraph 15.

16.

This Defendant denies as stated the allegations set forth in Paragraph 16.

**Factual Allegations**

**A. The Department's Policies**

17.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 17 are denied as stated.

18.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 18 are denied as stated.

19.

This Defendant admits that any policy of the Gwinnett County Police

Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 19 are denied as stated.

20.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 20 are denied as stated.

21.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 21 are denied as stated.

22.

This Defendant admits that any policy of the Gwinnett County Police

Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 22 are denied as stated.

23.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 23 are denied as stated.

24.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 24 are denied as stated.

25.

This Defendant admits that any policy of the Gwinnett County Police

Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 25 are denied as stated.

26.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 26 are denied as stated.

27.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 27 are denied as stated.

28.

This Defendant admits that any policy of the Gwinnett County Police

Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 28 are denied as stated.

29.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 29 are denied as stated.

30.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 30 are denied as stated.

31.

This Defendant admits that any policy of the Gwinnett County Police

Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 31 are denied as stated.

32.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 32 are denied as stated.

33.

This Defendant admits that any policy of the Gwinnett County Police Department speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such policy. As such, the allegations contained in Paragraph 33 are denied as stated.

*(continued on following page)*

**B. The June 2021 Arrest**

34-65.

Plaintiff states on page 13 of 23 of the Amended Complaint in the title prior to Count I that any claims for relief regarding Plaintiff's June, 2021 arrest are not made against this Defendant. As such, the allegations set forth in Paragraphs 34-65 do not address this Defendant and therefore do not require a response from this Defendant. However, to the extent any statement in Paragraphs 34-65 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, any such statement and allegation/claim are denied.

**C. The March 2022 Arrest**

66.

This Defendant admits that Plaintiff built a fire on the side of Lawrenceville Suwanee Road in Gwinnett County on or about March 24, 2022; any and all other allegations in Paragraph 66 are denied.

67.

This Defendant admits that Defendant D'Allaird spoke to Plaintiff at the scene described in Paragraph 66 of this Defendant's Answer herein. Any and all other

allegations in Paragraph 67 are denied.

68.

The allegations in Paragraph 68 are denied.

69.

The allegations in Paragraph 69 are denied as stated.

70.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 70; as such, said allegations stand denied.

71.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 71; as such, said allegations stand denied.

72.

The allegations in Paragraph 72 are denied as stated.

73.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 73; as such, said allegations stand denied.

74.

This Defendant admits that Gwinnett County Fire Department personnel were

at the scene described in Paragraph 66 of this Defendant's Answer herein and extinguished the fire built by Plaintiff; any and all other allegations in Paragraph 74 are denied.

75.

The allegations in Paragraph 75 are denied as stated.

76.

The allegations in Paragraph 76 are denied as stated.

77.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 77; as such, said allegations stand denied.

78.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 78; as such, said allegations stand denied.

79.

This Defendant admits that after Defendant D'Allaird arrived, this Defendant arrived at the scene described in Paragraph 66 of this Defendant's Answer herein. Any and all other allegations in Paragraph 79 are denied.

80.

The allegations of Paragraph 80 are denied as stated.

81.

The allegations of Paragraph 81 are denied as stated.

82.

The allegations of Paragraph 82 are denied as stated.

83.

The allegations of Paragraph 83 are denied as stated.

84.

The allegations of Paragraph 84 are denied as stated.

85.

The allegations of Paragraph 85 are denied as stated.

86.

The allegations of Paragraph 86 are denied as stated.

87.

This Defendant admits that Defendant K. Lewis arrived at the scene described in Paragraph 66 of this Defendant's Answer herein.  Any and all other allegations of Paragraph 87 are denied.

88.

The allegations of Paragraph 88 are denied as stated.

89.

The allegations of Paragraph 89 are admitted.

90.

The allegations of Paragraph 90 are denied as stated.

91.

The allegations of Paragraph 91 are denied as stated.

92.

The allegations of Paragraph 92 are denied as stated.

93.

The allegations of Paragraph 93 are denied as stated.

94.

The allegations of Paragraph 94 are denied as stated.

95.

The allegations of Paragraph 95 are denied as stated.

96.

The allegations of Paragraph 96 are denied as stated.

97.

The allegations of Paragraph 97are denied.

98.

The allegations of Paragraph 98 are denied as stated.

99.

The allegations of Paragraph 99 are denied as stated.

100.

The allegations of Paragraph 100 are admitted.

101.

The allegations of Paragraph 101 are denied as stated.

102.

The allegations of Paragraph 102 are denied as stated.

103.

The allegations of Paragraph 103 are denied.

104.

The allegations of Paragraph 104 are denied.

105.

This Defendant admits that he is not in possession of any record regarding any

other Defendant's training and/or certifications; any and all other allegations set forth in Paragraph 105 are denied.

106.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 106; as such any and all such allegations stand denied.

107.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 107; as such any and all such allegations stand denied.

108.

The allegations of Paragraph 108 are denied as stated.

**Claims for Relief - June 2021 Arrest**
*(Against the Department & Defendant Stewart, Johnson & R. Lewis)*

**Count I: False Arrest**

109-155.

Plaintiff states on page 13 of 23 of the Amended Complaint in the title prior to Count I that any claims for relief regarding Plaintiff's June, 2021 arrest are not made against this Defendant.  As such, the allegations and claim set forth in Paragraphs 109-155 do not address this Defendant and therefore do not require a response from

Page 21

this Defendant.  However, to the extent any statement in Paragraphs 109-155 could be construed as making any reference to any matter relating to this Defendant and/or an allegation/claim against this Defendant, any such statement and allegation/claim are denied.

**Claims for Relief - March 2022 Arrest**
(*Against Department & Defendants Howse, D'Allaird, & K. Lewis*)

**Count V: False Arrest**

156.

This Defendant's defenses and responses to Paragraphs 1-155 are incorporated as if fully set forth herein.

157.

This Defendant states that case authority speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such case authority.  As such, the allegations contained in Paragraph 157 are denied as stated.

158.

The allegations set forth in Paragraph 158 are admitted.

Page 22

159.

The allegations set forth in Paragraph 159 are denied.

160.

The allegations set forth in Paragraph 160 are denied.

161.

The allegations set forth in Paragraph 161 are denied.

162.

The allegations set forth in Paragraph 162 are admitted.

163.

The allegations set forth in Paragraph 163 are denied.

164.

The allegations set forth in Paragraph 164 are denied.

165.

The allegations set forth in Paragraph 165 are denied.

166.

The allegations set forth in Paragraph 166 are denied.

167.

The allegations set forth in Paragraph 167 are denied.

168.

The allegations set forth in Paragraph 168 are denied.

**Count VI: Excessive Force**[2]

169.

This Defendant's defenses and responses to Paragraphs 1-168 are incorporated as if fully set forth herein.

170.

This Defendant states that case authority speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such case authority. As such, the allegations contained in Paragraph 170 are denied as stated.

171.

The allegations set forth in Paragraph 171 are admitted.

---

[2] The Defendant denies that Plaintiff has a proper claim set forth in either Count V or Count VI. This Defendant admits that Plaintiff's March 2022 arrest was lawful. Otherwise, this Defendant states that case authority speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such case authority. As such, the remaining allegations contained in footnote 2 are denied as stated.

172.

The allegations set forth in Paragraph 172 are denied.

173.

The allegations set forth in Paragraph 173 are denied.

174.

The allegations set forth in Paragraph 174 are denied.

175.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 175; as such, said allegations stand denied.

176.

This Defendant is without knowledge regarding the allegations set forth in Paragraph 176; as such, said allegations stand denied.

177.

The allegations set forth in Paragraph 177 are denied.

178.

The allegations set forth in Paragraph 178 are denied.

179.

The allegations set forth in Paragraph 179 are denied.

180.

The allegations set forth in Paragraph 180 are denied.

181.

The allegations set forth in Paragraph 181 are denied.

182.

The allegations set forth in Paragraph 182 are denied.

183.

The allegations set forth in Paragraph 183 are denied.

**Count VII: Deprivation of Property**

184.

This Defendant states that case authority speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such case authority.  As such, the allegations contained in Paragraph 184 are denied as stated.

185.

The allegations set forth in Paragraph 185 are admitted.

186.

The allegations set forth in Paragraph 186 are denied.

187.

The allegations set forth in Paragraph 187 are denied.

188.

The allegations set forth in Paragraph 188 are denied.

189.

The allegations set forth in Paragraph 189 are denied.

190.

The allegations set forth in Paragraph 190 are denied.

191.

The allegations set forth in Paragraph 191 are denied.

192.

The allegations set forth in Paragraph 192 are denied.

**Count VIII: Trespass to Personal Property**

193.

This Defendant states that statutes and case authority speak for themselves, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of any such statute and/or case authority.  As such, the allegations contained in Paragraph 193 are denied as

stated.

194.

This Defendant states that the referenced statute speaks for itself, and this Defendant denies any attempt by Plaintiff to characterize, summarize, reword, or otherwise improperly assign import to any particular part of said statute.  As such, the allegations contained in Paragraph 194 are denied as stated.

195.

The allegations set forth in Paragraph 195 are denied.

196.

The allegations set forth in Paragraph 196 are denied.

197.

The allegations set forth in Paragraph 197 are denied.

198.

The allegations set forth in Paragraph 198 are denied.

199.

The allegations set forth in Paragraph 199 are denied.

**Prayer for Relief**

In further response to Plaintiff's Amended Complaint, this Defendant denies

each and every allegation in the paragraphs of said Complaint not previously responded to or admitted herein. This Defendant further denies the allegations contained in Plaintiff's prayers for relief and denies that Plaintiff is entitled to recover any damages or other relief sought in his prayers for relief.

WHEREFORE, this Defendant prays that he be discharged with all costs cast against the Plaintiff.

This 23rd day of September, 2024.

CAROTHERS & MITCHELL, LLC

*/s/ Angela C. Couch*
Angela C. Couch
Georgia Bar No. 190005
Attorney for Defendant Kyle Howse

1809 Buford Highway
Buford, Georgia 30518
Phone:  770-932-3552
Fax: 770-932-6348
angela.couch@carmitch.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIRK MICHAEL FIELDS,       )
                                          )
    Plaintiff,             )
                                          )
                                          )  CIVIL ACTION FILE NO.
                                          )  1:22-cv-03684-LMM-JKL
v.                                 )
                                          )
GWINNETT COUNTY POLICE    )
DEPARTMENT, ARIEL STEWART,   )
WAYNE JOHNSON, ROINELL LEWIS,  )
CHRISTIAN D'ALLAIRD,        )
KYLE HOWSE, & KAYELYN LEWIS,  )
                                          )
    Defendants.          )

**CERTIFICATE OF SERVICE AND
COMPLIANCE WITH L.R.5.1B**

I HEREBY CERTIFY that I have this date electronically filed the **ANSWER AND AFFIRMATIVE DEFENSES OF KYLE HOWSE TO AMENDED COMPLAINT FILED ON SEPTEMBER 9, 2024** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Edwin Allen Page
Bondurant Mixon & Elmore LLP
One Atlantic Center, Suite 3900
1201 W. Peachtree Street NW
Atlanta, Georgia 30309

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

This 23rd day of September, 2024.

CAROTHERS & MITCHELL, LLC

*/s/ Angela C. Couch*
Angela C. Couch
Georgia Bar No. 190005
Attorney for Defendant Kyle Howse

1809 Buford Highway
Buford, Georgia 30518
Phone:  770-932-3552
Fax: 770-932-6348
angela.couch@carmitch.com