IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE NO. |
| | ) 1:22-cv-03684-LMM-JKL |
| v. | ) |
| | ) |
| GWINNETT COUNTY, GEORGIA, | ) |
| ARIEL STEWART, WAYNE JOHNSON, | ) |
| ROINELL LEWIS, | ) |
| CHRISTIAN D'ALLAIRD, | ) |
| KYLE HOWSE, & KAYELYN LEWIS, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT GWINNETT COUNTY, GEORGIA'S MOTION TO DISMISS

COMES NOW Defendant Gwinnett County, Georgia (hereinafter the "Defendant" or "the County"), and files this Motion to Dismiss Plaintiff's April 29, 2025 Second Amended Complaint [Doc. 113], showing the Court the following:

### STATEMENT OF INTENT

Defendant files this Motion due to the unique procedural posture of this case. Plaintiff's Second Amended Complaint does not substantively differ from Plaintiff's First Amended Complaint [Doc. 75]. Plaintiff only changes Gwinnett County as a party in place of the Gwinnett County Police Department, removing mention of

1

Plaintiff's current incarceration, and removing Plaintiff's excessive force claim against Defendants. This Court has already ruled on Defendant's Motion to Dismiss the First Amended Complaint [Docs. 87 and 112], and Defendant in no way file this Motion to Dismiss as a "runaround" motion for reconsideration of that Order. However, the Court directed Plaintiff to file an amended complaint naming Gwinnett County in place of the Gwinnett County Police Department, which Plaintiff promptly did one day after the Order.

An amended complaint will supersede a prior complaint and generally moot a motion to dismiss the prior complaint. The undersigned could not find case law addressing whether an amended complaint would moot an appeal of an order denying a motion to dismiss a prior complaint. Substantively, Plaintiff's two Complaints are the same, and the appeal of the Order denying the Motion to Dismiss Plaintiff's First Amended Complaint should not be mooted. However, out of an abundance of caution, the Defendant Officers wish to preserve their objections while still responding to Plaintiff's Second Amended Complaint. Therefore, the Defendant Officers have filed a Notice of Appeal of the denial Order and have filed renewed Motions to Dismiss. Those Motions to Dismiss raise the same arguments as the prior Motions to Dismiss, except Defendants have removed any argument regarding insufficient service or statute of limitations.

The viability of a municipal liability claim against the County depends on whether there is a valid underlying substantive claim against the Defendant Officers. Knight ex rel. Kerr v. Miami-Dade Cnty., 856 F.3d 795, 821 (11th Cir. 2017). Defendant contends there is no underlying constitutional violation, and the legal issues in this case are inextricably linked with the outcome of the Defendant Officers' appeal. Accordingly, Defendants are filing a Motion to Stay proceedings, including the briefing and ruling on this Motion, until the Eleventh Circuit disposes of the appeal.

## **INTRODUCTION**

This is a civil rights case covering two incidents between Plaintiff and officers of the Gwinnett County Police Department—one incident on June 10, 2021 and another on March 24, 2022. In his Second Amended Complaint, Plaintiff alleges underlying, substantive §1983 claims of False Arrest and Deprivation of Property for both incidents, as well as Excessive Force arising out of the March 24, 2022 only. Plaintiff alleges these claims against the individual officers and against Gwinnett County pursuant to Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). However, Plaintiff fails to sufficiently plead a policy or custom that would subject Defendant to Monell liability because Plaintiff fails to allege, in a nonconclusory fashion, that Defendant maintained a custom of arresting homeless

persons regardless of probable cause, using excessive force, or unconstitutionally abandoning the property of homeless persons. Moreover, as explained in the Defendant Officers' briefs, Plaintiff suffered no underlying constitutional injury. Accordingly, Plaintiff's Complaint as to this Defendant should be dismissed for failure to state a claim.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review.

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). That means a plaintiff's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. The Court is not bound to accept as true a legal conclusion couched as a factual allegation. Twombly, 550 U.S. at 557. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183,

1185 (11th Cir. 2003). If a court cannot "infer more than the mere possibility of misconduct," the complaint does not plausibly show entitlement to relief. Iqbal, 556 U.S. at 679.

### B. Plaintiff fails to sufficiently allege a policy or custom under Monell.

Plaintiff's Complaint as to this Defendant should be dismissed because Plaintiff fails to sufficiently plead that Defendant maintained a custom of arresting homeless persons regardless of probable cause, using excessive force, or unconstitutionally abandoning the property of homeless persons. Moreover, as explained in the Defendant Officers' briefs, Plaintiff suffered no underlying constitutional injury. Across both incidents underlying Plaintiff's Complaint, he asserts §1983 claims for False Arrest and Deprivation of Property, as well as Excessive Force for the March 2022 incident only. Defendant incorporates the Defendant Officers' arguments in their Motions to Dismiss regarding why Plaintiff's claims are not viable against the defendant officers themselves and, by extension, Gwinnett County. Nevertheless, Plaintiff makes no good faith allegations that would extend Monell liability to Gwinnett County on his §1983 claims.

A plaintiff seeking to hold a local governmental entity such as Gwinnett County liable under §1983 cannot rely upon the theory of *respondeat superior*, and instead, liability must stem from the execution of a government's policy or custom.

Monell, 436 U.S. at 694. To establish a policy or custom, Plaintiff must sufficiently allege persistent conduct across multiple incidents which would indicate a policy or custom exists and has been promulgated or ratified by a final policymaker such that the policy or custom is the moving force behind the alleged constitutional violation. Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986); see also Grech v. Clayton Cnty., 335 F.3d 1236, 1329 (11th Cir. 2003).

Here, Plaintiff alleges unofficial policies of the Defendant arresting homeless individuals without probable cause, allowing untrained officers to use tasers, using excessive force relative to the circumstances, and destroying or abandoning the property of homeless individuals upon arrest. [Doc. 113 at ¶¶119-120, 144-145, 163-164, 177-178, 181, 188-189]. However, these allegations are conclusory and do not satisfy the pleading requirement of Fed. R. Civ. P. 8.

To state a §1983 claim against a municipality under Monell, a plaintiff must allege plausible facts showing (1) that his constitutional rights were violated, (2) that the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and (3) that the custom or policy caused his constitutional violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). A plaintiff "has two methods by which to establish a [County] policy: identify either (1) an officially promulgated [County] policy or (2) an unofficial custom or practice of the

[County] shown through **the repeated acts** of a final policymaker for the [County]." Grech, 335 F.3d at 1329 (citations omitted) (emphasis added). The Eleventh Circuit defines "custom" as "a practice that is so settled and permanent that it takes on the force of law" and that "show a persistent and wide-spread practice." McDowell, 392 F.3d at 1290. "This threshold identification of a custom or policy ensures that a [county] is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the [county]." Id.

In the context of a Motion to Dismiss, the Court must assess whether Plaintiff has pled sufficient facts of prior incidents to support "a persistent and wide-spread practice" instituted by the County. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft, 556 U.S. at 678. Here, Plaintiff has not identified any prior incidents of similar conduct that would "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Plaintiff's allegations that the County has instituted unofficial policies are devoid of factual support.

In Church v. City of Huntsville, a class of homeless individuals sought an injunction of a municipality's "custom" of falsely arresting homeless individuals to clear them from the locality, describing various incidents between all the individuals

7

in the group. 30 F.3d 1332 (11th Cir. 1994). While not before the Court on a Motion to Dismiss, the Eleventh Circuit explained that Monell required "actual or constructive knowledge of such customs [to be] attributed to the governing body" and "normally random acts or isolated incidents are insufficient to establish custom or policy." Id. at 1345 (citation omitted). The Court looked for past incidents and complaints of similar behavior that would indicate the final policymaker was or should have been aware the "pervasive practice" was in place. Id. Here, Plaintiff must plead sufficient factual details of prior incidents to "permit the court to infer more than the mere possibility" of a County custom.[1] Iqbal, 556 U.S. at 679. Plaintiff has made no such factual allegations here, and accordingly, his Monell claims are futile.

Plaintiff also does not plead any prior similar incidents to support an unofficial policy or custom of deprivation of property, false arrest, or excessive force. Accordingly, Plaintiff's Monell claims against the Defendant should be dismissed.

---

1. See also Dixon v. City of Atlanta, No. 1:22-CV-02209-SEG at *28 (N.D. Ga. October 28, 2024) (finding that plaintiff must plead "the nature of the encounters," "who precisely ordered or condoned" the acts, and "any other circumstances" demonstrating similarity across instances).

## **CONCLUSION**

For all of the reasons set forth herein, all claims against the Defendant contained in Plaintiff's April 29, 2025 Second Amended Complaint should be dismissed.

This 13th day of May, 2025.

|  |  |
|---|---|
|  | CAROTHERS & MITCHELL, LLC |
|  | */s/ Cullen B. Threlkeld* |
|  | Cullen B. Threlkeld |
| 1809 Buford Highway | Georgia Bar No. 669027 |
| Buford, Georgia 30518 | Attorney for Defendant Gwinnett County |
| Phone:   770-932-3552 |  |
| Fax: 770-932-6348 |  |
| Cullen.Threlkeld@carmitch.com |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| ) | 1:22-cv-03684-LMM-JKL |
| v. ) | |
| ) | |
| GWINNETT COUNTY, GEORGIA, et al. ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE AND
COMPLIANCE WITH L.R.5.1B**

I HEREBY CERTIFY that I have this date electronically filed the **DEFENDANT GWINNETT COUNTY, GEORGIA'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Amanda Kay Seals
Edwin Allen Page
Bondurant Mixon & Elmore LLP
One Atlantic Center, Suite 3900
1201 W. Peachtree Street NW
Atlanta, Georgia 30309
seals@bmelaw.com
page@bmelaw.com

*(continued on following page)*

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

This 13th day of May, 2025.

                                    CAROTHERS & MITCHELL, LLC

                                    */s/ Cullen B. Threlkeld*
                                    Angela C. Couch
                                    Georgia Bar No. 190005
                                    Cullen B. Threlkeld
                                    Georgia Bar No. 669027
                                    Attorneys for Defendant Gwinnett County

1809 Buford Highway
Buford, Georgia 30518
Phone:   770-932-3552
Fax: 770-932-6348
angela.couch@carmitch.com
cullen.threlkeld@carmitch.com