IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIRK MICHAEL FIELDS,    )
             )
  Plaintiff,       )
             )  CIVIL ACTION FILE NO.
             )  1:22-cv-03684-LMM-JKL
v.            )
             )
GWINNETT COUNTY, GEORGIA,  )
ARIEL STEWART, WAYNE JOHNSON, )
ROINELL LEWIS,      )
CHRISTIAN D'ALLAIRD,    )
KYLE HOWSE, & KAYELYN LEWIS, )
             )
  Defendants.      )

## DEFENDANTS KYLE HOWSE, KAYELYN LEWIS, AND CHRISTIAN D'ALLAIRD'S MOTION TO DISMISS CLAIMS AGAINST THEM AS CONTAINED IN PLAINTIFF'S APRIL 29, 2025 SECOND AMENDED COMPLAINT

COME NOW Defendants Kyle Howse, Christian D'Allaird and Kayelyn Lewis (hereinafter the "Defendants"), and move the Court to dismiss all claims against them as set forth in Plaintiff's April 29, 2025 Second Amended Complaint [Doc. 113] (hereinafter the "Complaint"), showing the Court as follows:

1

## STATEMENT OF INTENT

Defendants file this Motion due to the unique procedural posture of this case. Plaintiff's Second Amended Complaint does not substantively differ from Plaintiff's First Amended Complaint [Doc. 75]. Plaintiff only changes Gwinnett County as a party in place of the Gwinnett County Police Department, removing mention of Plaintiff's current incarceration, and removing Plaintiff's excessive force claim against Defendants. This Court has already ruled on Defendants' Motion to Dismiss the First Amended Complaint [Docs. 80, 87, and 112], and Defendants in no way file this Motion to Dismiss as a "runaround" motion for reconsideration of that Order. However, the Court directed Plaintiff to file an amended complaint naming Gwinnett County in place of the Gwinnett County Police Department, which Plaintiff promptly did one day after the Order.

Contemporaneous with this Motion, Defendants are filing a Notice of Appeal of this Court's Order denying Defendants' Motion to Dismiss. An amended complaint will supersede a prior complaint and generally moot a motion to dismiss the prior complaint. The undersigned could not find case law addressing whether an amended complaint would moot an appeal of an order denying a motion to dismiss

a prior complaint. Substantively, Plaintiff's two Complaints are the same, and the appeal of the Order denying the Motion to Dismiss Plaintiff's First Amended Complaint should not be mooted. Moreover, the district courts of this Circuit are not in agreement over whether the filing of an answer will moot a motion to dismiss for failure to state a claim. Therefore, out of an abundance of caution, Defendants wish to preserve their objections while still responding to Plaintiff's Second Amended Complaint.

This Motion to Dismiss raises the same arguments as the prior Motions to Dismiss, except Defendants have removed any argument regarding insufficient service or statute of limitations. Defendants do not intend to force Plaintiff to respond to a new set of motions to dismiss, but rather, simply wish the Eleventh Circuit to review the denial of the prior Motions to Dismiss. Accordingly, Defendants are filing a Motion to Stay proceedings, including the briefing and ruling on this Motion, until the Eleventh Circuit disposes of the appeal.

## ARGUMENT AND CITATION OF AUTHORITY

In the Complaint, Plaintiff makes four claims against Defendants D'Allaird, Howse, and K. Lewis arising out of a March 24, 2022 incident. These claims are false arrest, excessive force, deprivation of property through an unlawful seizure and

without due process, and the state claim of trespass on property (O.C.G.A. § 51-10-1). Each of these claims against the Defendants should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because Defendants are entitled to qualified immunity on the federal claims and official immunity on the state law claim. Additionally, Plaintiff's false arrest and excessive force claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Plaintiff waived the factual challenges in his claims by entering an Alford[1] guilty plea to the underlying charges.

### A.    Counts V & VI: False Arrest & Excessive Force

    *i.*      *Plaintiff's Claims are Barred by* Heck *and Plaintiff's* Alford *plea.*

Plaintiff's false arrest and excessive force claims are barred by *Heck* because his conviction for felony obstruction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. The Court can take judicial notice of Gwinnett County records that show Plaintiff was charged with littering and

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

obstruction of a law enforcement officer in the March 24, 2022 incident. Redner v. Citrus Cnty., Fla., 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding). A copy of the accusation and plea is in the record as Doc. 80-1. Plaintiff was arrested for solicitation, but charged with obstruction of a law enforcement officer for each officer and interference with government property. The Court can take judicial notice that Plaintiff entered an Alford plea to all counts.

Heck will bar claims that, if proven as true, would negate an essential element of fact for the underlying conviction. Heck, 512 U.S. at 486-487. Under Georgia law, a person is guilty of felony obstruction where he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer…in the lawful discharge of his or her official duties…" O.C.G.A. § 16-10-24(b). "By its express terms, O.C.G.A. § 16-10-24 applies only when the defendant obstructs or hinders a law enforcement officer in the lawful discharge of his or her duties. It is well settled that detaining or arresting a person without authority to do so under the law does not constitute the lawful discharge of the duties of a law enforcement officer, and, therefore, one who resists an unlawful arrest or detention does not commit the offense of obstruction." Glenn v. State, 310 Ga. 11, 25 (2020) (citation omitted). The

validity of the underlying arrest for solicitation is a logical necessity and element for Plaintiff's conviction for obstruction. Therefore, Plaintiff's false arrest claim is barred by Heck because an unlawful arrest would necessarily negate that the officer was performing his lawful duties at the time Plaintiff obstructed him.

Plaintiff's excessive force claim against these Defendants likewise fails under the Heck analysis. The Eleventh Circuit has recognized that Heck may bar a § 1983 claim where the complaint makes specific factual allegations that are inconsistent with the facts upon which his punishment was based. Dixon v. Hodges, 887 F.3d 1235, 1238 (11th Cir. 2018). In this case, Plaintiff pled guilty to resisting and obstructing the Defendants while the Defendants were in the lawful discharge of their duties. Yet Plaintiff makes allegations in his Complaint that are clearly inconsistent with these felony obstructions charges to which he pled guilty. Under the facts as alleged by Plaintiff, and in light of the body worn camera footage, Plaintiff alleged excessive force was used when Defendant D'Allaird tased him [Doc. 113 at ¶174] and "to arrest Mr. Fields" [Id. at ¶180]. Conjunctively, Plaintiff's allegations are that excessive force was used to effectuate the arrest, not at any other point in time. Indeed, the body worn camera footage depicts Plaintiff verbally and physically refusing to comply with the officer's instructions from the time he is

advised he is under arrest until he is zip-tied to be carried back up the hill. (Doc. 80-3 at 13:30 – 21:00).[2]

The facts of this case are similar to those in the case of Hensley v. Langford, No. 4:19-CV-267-TWT, 2022 WL 3718506 (N.D. Ga. Aug. 29, 2022), where the plaintiff resisted arrest after being tased by the officers and was convicted of obstruction. The plaintiff thereafter sued for excessive force. The Court there found the claims were barred under Heck:

> The Plaintiff was convicted in state court of obstruction of a law enforcement officer ***based on the same events underlying his claims*** before this Court. Under Georgia law, that offense requires proof that, as relevant, the officer was "in the lawful discharge of his or her official duties." O.C.G.A. § 16-10-24(b). Of course, use of excessive force violates one's Fourth Amendment rights, such that a police officer necessarily cannot use excessive force "in the lawful discharge of his or her official duties." *See id*. Thus, any determination by this Court that excessive force was used in the course of the Plaintiff's arrest would undermine his obstruction conviction, making his excessive force claim an impermissible collateral attack on that conviction. Id., 2022 WL 3718506, at *4 (emphasis added).

The same holds true here, and the excessive force claim against the Defendants

---

2 The Court may review this footage at the Motion to Dismiss stage because it is central to the Plaintiff's claims against the Defendants; and (2) cannot reasonably be disputed or have its authenticity challenged. Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024).

therefore should be dismissed under the <u>Heck</u> analysis.

Plaintiff's <u>Alford</u> guilty plea also bars Plaintiff's claims because it waives non-jurisdictional challenges to the facts of the conviction. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." <u>Haring v. Prosise</u>, 462 U.S. 306, 321 (1983). "A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established." <u>Id.</u> Therefore, Plaintiff cannot challenge the factual basis for his conviction for felony obstruction. Similar to the <u>Heck</u> analysis, to allow Plaintiff's false arrest and excessive force claims to proceed would invalidate that the officers were in the lawful exercise of their duties when Plaintiff obstructed them.

*ii. Plaintiff's False Arrest Claim is Barred by Qualified Immunity.*

Moreover, the Defendants are entitled to qualified immunity on Plaintiff's false arrest claim. For purposes of this motion, the Defendants have entered the body-worn camera footage of the March 24, 2022 incident into the record as Docs. 80-3 (Defendant Howse's footage), 80-4 (Defendant D'Allaird's footage), and 80-5

8

(Defendant K. Lewis' footage). "Qualified immunity shields government employees from suit in their individual capacities for discretionary actions they perform in carrying out their duties." Johnson, 107 F.4th at 1301 (citing Brooks v. Miller, 78 F.4th 1267, 1279 (11th Cir. 2023) (internal punctuation omitted). The qualified immunity inquiry involves a burden-shifting analysis: the first step requires a defendant to show that he was acting within the scope of his discretionary authority when committing the challenged act, then the burden shifts to the plaintiff who must show that qualified immunity is not appropriate." Johnson, 107 F.4th at 1301 (citing Miller, 78 F.4th at 1280). Plaintiff must demonstrate two things to show that qualified immunity is not appropriate. First, Plaintiff must show that the defendant violated a constitutional right, and second, that the constitutional right was "clearly established" at the time of the defendant's actions. Johnson, 107 F.4th at 1301. Regarding whether a constitutional right is clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Reichle v. Howards, 566 U.S. 658, 664 (2012).

In this case, Defendants clearly were acting within their discretionary authority, as "[i]t is well established that an arrest of someone suspected of violating the law is within the discretionary authority of a police officer." Johnson, 107 F.4th

at 1301 (citing <u>Wood v. Kesler</u>, 323 F.3d 872, 877 (11th Cir. 2003)). Therefore, the burden shifts to Plaintiff to demonstrate whether the Defendants violated a constitutional right and whether that right was clearly established in light of the given facts. In the context of a False Arrest claim, Plaintiff must first demonstrate that the Defendants did not have arguable probable cause. "Arguable probable cause is a lesser standard than actual probable cause, which requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." <u>District of Columbia v. Wesby</u>, 583 U.S. 48, 57 (2018) (citation omitted). However, even if Defendants were held to the standard of actual probable cause, "evidence of every element of a crime is not required for a showing of probable cause." <u>Gates v. Khokhar</u>, 884 F.3d 1290, 1300 (11th Cir. 2018).

The Courts have "never imposed a rigid requirement that an arresting officer must have specific evidence of suspects' 'subjective intent' when their conduct otherwise gives rise to probable cause to arrest." <u>Davis v. City of Apopka</u>, 78 F.4th 1326, 1335 (11th Cir. 2023) (citation omitted). Moreover, an officer's subjective intent is "irrelevant to the qualified immunity analysis." <u>Brown v. City of Huntsville, Ala.</u>, 608 F.3d 724, 737 (2010); <u>see also</u> <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1195 (11th Cir. 2002) (stating "[w]e apply an objective standard, asking whether the officer's

10

actions are objectively reasonable...regardless of the officer's underlying intent or motivation") (citation omitted).

Here, Defendants found Plaintiff tending a fire in the grass right next to the highway with morning traffic passing by. (Doc. 80-4 at 00:01). Plaintiff was holding a sign that said "Need" and a squeegee, along with a tire rim sitting upright immediately next to the road with a white cloth sticking up and angled towards oncoming traffic. (Id.) Plaintiff's fire was burning near dry vegetation and a woodland. (Id.) While Defendant D'Allaird was speaking with Plaintiff, Plaintiff's fire exploded somewhat from a lighter and debris flew out towards the woodland. (Id. at 2:10-2:50). When discussing how to put out the fire, Plaintiff told Defendant D'Allaird he had "a whole gallon of window cleaner." (Id. at 5:30).

Defendants arrested Plaintiff for solicitation and the derivative charge of obstruction when he resisted the arrest. The Georgia solicitation statute provides "no person shall stand on a highway for the purpose of soliciting employment, business, or contributions from the occupant of any vehicle." O.C.G.A. § 40-6-97(b). As stated before, the inquiry is not whether Plaintiff is guilty, if the officers can prove every element of a crime prior to making an arrest, or if the officers could determine Plaintiff's exact intent; all that is required is whether reasonable officers in

11

Defendants' circumstances could draw the conclusion that Plaintiff could have been soliciting on the roadside. Here, with the circumstances the officers confronted, Defendants had arguable probable cause that Plaintiff had been soliciting next to the roadway.

Additionally, even if this Court were to determine the Defendants did not have probable cause to arrest Plaintiff for solicitation, "[t]he existence of arguable probable cause for any arrestable offense provides qualified immunity" no matter the announced offense. Andrews v. Marshall, 845 F. App'x 849, 853 (11th Cir. 2021) (citation omitted).   O.C.G.A. § 16-7-63(a) provides:

> It shall be unlawful:
> ...
> (2) To burn any brush, filed, forest land, campfire, or debris, whether upon one's own land or another, without taking the necessary precautions before, during, and after the fire to prevent escape of such fire onto the lands of another. The escape of such fire shall be prima facie evidence that necessary precautions were not taken.
>
> (3) For any person to cause a fire by discarding any lighted cigarette, cigar, debris, or any other flaming or smoldering material that may cause a forest fire.

Here, Plaintiff's fire was adjacent to dry vegetation and forest land. The fire held flaming debris and was not controlled, exploding at least once in the presence of Defendant D'Allaird due to a lighter Plaintiff placed in the fire. Accordingly,

Defendants had arguable probable cause to arrest Plaintiff for violating O.C.G.A. §
16-7-63(a).

In the warrantless arrest context, Plaintiff must also point to "clearly
established" law that would place the officers on notice that their conduct was
unlawful. "Clearly established' means that, at the time of the officer's conduct, the
law was sufficiently clear that every reasonable official would understand that what
he is doing is unlawful. In other words, existing law must have placed the
constitutionality of the officer's conduct beyond debate." Wesby, 583 U.S. at 63
(citation omitted). "The clearly established standard also requires that the legal
principle clearly prohibit the officer's conduct in the particular circumstances before
him. The rule's contours must be so well defined that it is clear to a reasonable officer
that his conduct was unlawful in the situation he confronted. This requires a high
degree of specificity." Id. Given probable cause's imprecise nature, "officers will
often find it difficult to know how the general standard of probable cause applies in
the precise situation encountered. Thus, we have stressed the need to identify a case
where an officer acting under similar circumstances ... was held to have violated the
Fourth Amendment." Id. at 64 (Citations omitted).

Here, there is no clearly established law that would instruct Defendants that

the circumstances they were confronted with did not constitute probable cause for solicitation. In light of the foregoing, Defendants had arguable probable cause to arrest Plaintiff for solicitation, violated no clearly established law, and are therefore entitled to qualified immunity.

*iii. Plaintiff's Excessive Force Claim is Barred by Qualified Immunity.*

In determining whether an officer's use of force violates clearly established law, there are two steps for the Court. Johnson, 107 F.4th at 1301 (citing Charles v. Johnson, 18 F.4th 686, 699 (11th Cir. 2021)). First is the consideration of whether the specific kind of force is "categorically unconstitutional." Johnson, 107 F.4th at 1302 (citing Charles, 18 F.4th at 699). Assuming a determination that the subject force is not categorically unconstitutional, then the Court must weigh factors such as those set forth in Graham v. Connor, 490 U.S. 386, 388 (1989), to determine if the amount of force used was excessive. Johnson, 107 F.4th at 1302.   The analysis of the totality of the circumstances is viewed from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts rather than with the 20/20 vision of hindsight. Ireland v. Prummell, 53 F.4th 1274, 1302 (11th Cir. 2022). Precedent in this Circuit is that the use of a taser is not a categorically unconstitutional kind of force, so the analysis here should focus on the

14

Graham-type factors. Charles, 18 F.4th at 701.

The non-exhaustive list of factors set forth by the Supreme Court in Graham as well as factors added by case law include (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," (3) whether the suspect "is actively resisting arrest or attempting to" flee, (4) "the relationship between the need and amount of force used," and (5) "the extent of the injury inflicted" on the suspect.    Sebastian v. Ortiz, 918 F.3d 1301, 1308 (11th Cir. 2019).

In Plaintiff's Complaint, the Defendants' conduct alleged to form the excessive force claim is that Defendant K. Lewis grabbed Plaintiff's left hand while Defendant Howse grabbed Plaintiff's right arm and Defendant D'Allaird deployed his taser once. Plaintiff fell over the guard rail he was near and rolled down the hill. The Defendants ordered Plaintiff to stand after being tased, "pinned" Plaintiff on his stomach, pulled his hands behind his back, and used "zip-ties" to secure Plaintiff's legs. Based on this described behavior, Plaintiff alleges the Defendants used excessive force to arrest him.

While solicitation is a misdemeanor, in reviewing the videos, it is clear that when considering the other factors, the force used by the Defendants was not

excessive. As soon as Defendant Howse told Plaintiff he was being arrested, Plaintiff moved backward toward the guardrail as if he were going to run into the woods, slid down the hill to distance himself from the officers, was clearly resisting once the officers were attempting to handcuff him, verbally confirmed that he was resisting arrest and that he did not care what the officers were saying, kicked Defendant Howse twice in groin, refused to cooperate, told the officers that they could kill him because he was not going to jail, stated that he would die rather than go to jail, and repeatedly yelled he was not going to jail. Defendant D'Allaird deployed his taser on Plaintiff after Plaintiff moved away from the Defendants and refused to comply with an arrest order. The Defendants used force on Plaintiff's arms, legs, and back in an attempt to handcuff him and prevent further kicking.

Under the totality of the circumstances, a reasonable officer facing the same lack of compliance and physical resistance that Plaintiff displayed would agree that the force employed here by the Defendants did not constitute a violation of Plaintiff's constitutional rights. As such, the excessive force claim should be dismissed on qualified immunity grounds.

**B. Count VII: Deprivation of Property.**

Plaintiff alleges that by not confiscating Plaintiff's property when they arrested him, Defendants "failed to properly collect and log Mr. Fields' property," "as a result of those failures, Mr. Field's property was lost or destroyed," and "the Defendants' abandonment or destruction of Mr. Fields' property violated his Constitutional rights." [Doc. 113 at ¶¶ 186, 190-191]. A warrantless seizure of property is analyzed in three steps. First, the Court must determine if a "seizure" has occurred. Second, the Court must determine if the seizure was reasonable. Third, the Court must determine if the Defendants are entitled to qualified immunity because the law was clearly established in light of the circumstances presented. See Watkins v. Davis, 696 F. Supp. 3d 1276, 1307-1308 (N.D. Ga. 2023).

Plaintiff's only factual allegations about his property being "seized" was that "upon information and belief, the Defendant Officers either abandoned or destroyed Mr. Fields' property…" [Doc. 113 at ¶¶ 103]. Plaintiff's allegations are conclusory implications and have no factual basis given Plaintiff's own statements regarding Code Enforcement, not Defendants, coming to remove his property. To the extent Plaintiff alleges that "interference" includes Defendants having a generalized duty

to secure his property upon arresting him, Plaintiff points to no case law supporting that proposition. Logically, that would mean police officers have a duty to catalog every potential piece of property in proximity to an arrestee, impound every vehicle claimed by an arrestee, and lock all premises they ever enter when executing a warrant. Thus, Plaintiff has not sufficiently established a seizure has occurred.

If a seizure did occur, it was reasonable because Plaintiff's expectation of privacy in unidentified or segregated items out in public is not objectively reasonable. Cf. Pottinger v. City of Miami, 810 F. Supp. 1551, 1571 (S.D. Fla. 1992) (homeless plaintiffs exhibited a subjective expectation of privacy when property was reasonably distinguishable from truly abandoned property and an objective expectation of privacy where items were enclosed within protected containers). Finally, there is no clearly established law that would place the Defendants on notice in the circumstances presented to them that their conduct was unlawful. The undersigned could find no cases, dealing with homeless individuals or not, that held an officer's failure to secure property was a violation of the Fourth Amendment.

## C.    Count VIII: Trespass on Property (State Claim)

Plaintiff's trespass claim fails because the Defendants are entitled to official immunity on this state law claim. The Georgia Constitution provides that state

officers and employees "may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const., art. I, § 2, ¶ IX(d).   As set forth above, there can be no dispute that the Defendants were acting in the performance of their discretionary duties. Thus, to pierce official immunity, Plaintiff must demonstrate that the Defendants acted with actual malice. Bashir v. Rockdale Cty., Ga., 445 F.3d 1323, 1333 (11th Cir. 2006) (citing Adams v. Hazelwood, 271 Ga. 414, 520 S.E.2d 896, 898 (1999)). "The Supreme Court of Georgia has explained that actual malice requires a deliberate intention to do wrong and denotes 'express malice or malice in fact.'" Bashir, 445 F.3d at 1333 (citing Adams; Merrow v. Hawkins, 266 Ga. 390, 467 S.E.2d 336, 338 (1996)) (internal punctuation omitted).

"Actual malice, in the context of official immunity, means a deliberate intention to commit a wrongful or illegal act." Kinlocke v. Benton, 257 F. Supp. 3d 1368, 1381 (N.D. Ga. 2017) (quoting Tittle v. Corso, 256 Ga. App. 859, 569 S.E.2d 873, 876 (2002)). It does not include a "reckless disregard for the rights or safety of others." Kinlocke, 257 F. Supp. 3d at 1381 (quoting Murphy v. Bajjani, 282 Ga. 197, 647 S.E.2d 54, 60 (2007)). Nor does it encompass simply "unreasonable conduct." Black v. Wigington, 811 F.3d 1259, 1266 (11th Cir. 2016). Likewise, the phrase

19

"actual intent to cause injury" means "an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." West v. Davis, 767 F.3d 1063, 1073 (11th Cir. 2014) (quoting Kidd v. Coates, 271 Ga. 33, 518 S.E.2d 124, 125 (1999)). "This definition of intent contains aspects of malice, perhaps a wicked or evil motive." Marshall v. Browning, 310 Ga. App. 64, 712 S.E.2d 71, 74 (2011). Ultimately, "[a] showing of improper motive requires strong record evidence" if it is to overcome official immunity. See Croland v. City of Atlanta, 782 F. App'x 753, 759 (11th Cir. 2019).

There are no allegations in the Complaint sufficient to overcome official immunity, and the video evidence demonstrates a complete lack of the type of evidence required to meet the actual malice standard. Otherwise, as set forth above, the Defendants had probable cause to arrest Plaintiff for solicitation such that they are entitled to official immunity. Corporate Prop. Investors v. Milon, 249 Ga. App. 699, 706, 549 S.E.2d 157 (2001); Franklin v. Consol. Gov't, 236 Ga. App. 468, 470, 512 S.E.2d 352 (1999) (to defeat a claim of official immunity, plaintiff must show the absence of probable cause). As such, the Defendants are entitled to official immunity, and Plaintiff's state law trespass claim should be dismissed.

## <u>CONCLUSION</u>

For all of the reasons set forth herein, all claims against the Defendants contained in Plaintiff's April 29, 2025 Second Amended Complaint should be dismissed.

Respectfully submitted this 13th day of May, 2025.

CAROTHERS & MITCHELL, LLC

*/s/ Cullen B. Threlkeld*
Angela C. Couch
Georgia Bar No. 190005
Cullen B. Threlkeld
Georgia Bar No. 669027
Attorneys for Defendants Kyle Howse,
Kayelyn Lewis and Christan D'Allaird

1809 Buford Highway
Buford, Georgia 30518
Phone:   770-932-3552
Fax: 770-932-6348
angela.couch@carmitch.com
cullen.threlkeld@carmitch.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIRK MICHAEL FIELDS,                )
                                    )
        Plaintiff,                  )
                                    )
                                    )   CIVIL ACTION FILE NO.
                                    )   1:22-cv-03684-LMM-JKL
v.                                  )
                                    )
GWINNETT COUNTY, GEORGIA, et al.    )
                                    )
        Defendants.                 )

**CERTIFICATE OF SERVICE AND
COMPLIANCE WITH L.R.5.1B**

I HEREBY CERTIFY that I have this date electronically filed the
**DEFENDANTS KYLE HOWSE, KAYELYN LEWIS, AND CHRISTIAN
D'ALLAIRD'S MOTION TO DISMISS CLAIM AGAINST THEM AS
CONTAINED IN PLAINTIFF'S APRIL 29, 2025 SECOND AMENDED
COMPLAINT** with the Clerk of the Court using the CM/ECF system which will
automatically send email notification of such filing to the following attorneys of
record:

Amanda Kay Seals
Edwin Allen Page
Bondurant Mixon & Elmore LLP
One Atlantic Center, Suite 3900
1201 W. Peachtree Street NW
Atlanta, Georgia 30309
seals@bmelaw.com
page@bmelaw.com

*(continued on following page)*

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14-point Times New Roman font.

This 13th day of May, 2025.

CAROTHERS & MITCHELL, LLC

*/s/ Cullen B. Threlkeld*
Angela C. Couch
Georgia Bar No. 190005
Cullen B. Threlkeld
Georgia Bar No. 669027
Attorneys for Defendants Kyle Howse,
Kayelyn Lewis and Christan D'Allaird

1809 Buford Highway
Buford, Georgia 30518
Phone:  770-932-3552
Fax: 770-932-6348
angela.couch@carmitch.com
cullen.threlkeld@carmitch.com