IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| | ) 1:22-cv-03684-LMM-JKL |
| v. | ) |
| | ) |
| GWINNETT COUNTY, GEORGIA, | ) |
| ARIEL STEWART, WAYNE JOHNSON, | ) |
| ROINELL LEWIS, | ) |
| CHRISTIAN D'ALLAIRD, | ) |
| KYLE HOWSE, & KAYELYN LEWIS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS ARIEL STEWART, WAYNE JOHNSON, AND ROINELL LEWIS' MOTION TO DISMISS CLAIMS AGAINST THEM AS CONTAINED IN PLAINTIFF'S APRIL 29, 2025 SECOND AMENDED COMPLAINT

COME NOW Defendants Ariel Stewart, Wayne Johnson, and Roinell Lewis (hereinafter the "Defendants), and move the Court to dismiss all claims against them as set forth in Plaintiff's April 29, 2025 Amended Complaint [Doc. 113] (hereinafter the "Complaint"), showing the Court as follows:

1

## **STATEMENT OF INTENT**

Defendants file this Motion due to the unique procedural posture of this case. Plaintiff's Second Amended Complaint does not substantively differ from Plaintiff's First Amended Complaint [Doc. 75]. Plaintiff only changes Gwinnett County as a party in place of the Gwinnett County Police Department, removing mention of Plaintiff's current incarceration, and removing Plaintiff's excessive force claim against Defendants. This Court has already ruled on Defendants' Motion to Dismiss the First Amended Complaint [Docs. 80, 87, and 112], and Defendants in no way file this Motion to Dismiss as a "runaround" motion for reconsideration of that Order. However, the Court directed Plaintiff to file an amended complaint naming Gwinnett County in place of the Gwinnett County Police Department, which Plaintiff promptly did one day after the Order.

Contemporaneous with this Motion, Defendants are filing a Notice of Appeal of this Court's Order denying Defendants' Motion to Dismiss. An amended complaint will supersede a prior complaint and generally moot a motion to dismiss the prior complaint. The undersigned could not find case law addressing whether an amended complaint would moot an appeal of an order denying a motion to dismiss a prior complaint. Substantively, Plaintiff's two Complaints are the same, and the appeal of the Order denying the Motion to Dismiss Plaintiff's First Amended

Complaint should not be mooted. Moreover, the district courts of this Circuit are not in agreement over whether the filing of an answer will moot a motion to dismiss for failure to state a claim. Therefore, out of an abundance of caution, Defendants wish to preserve their objections while still responding to Plaintiff's Second Amended Complaint.

This Motion to Dismiss raises the same arguments as the prior Motions to Dismiss, except Defendants have removed any argument regarding insufficient service or statute of limitations. Defendants do not intend to force Plaintiff to respond to a new set of motions to dismiss, but rather, simply wish the Eleventh Circuit to review the denial of the prior Motions to Dismiss. Accordingly, Defendants are filing a Motion to Stay proceedings, including the briefing and ruling on this Motion, until the Eleventh Circuit disposes of the appeal.

## ARGUMENT AND CITATION OF AUTHORITY

In the Complaint, Plaintiff makes three claims against Defendants Stewart, Johnson, and R. Lewis arising out a June 10, 2021 incident. These claims are false arrest, deprivation of property through an unlawful seizure and without due process, and the state claim of trespass on property (O.C.G.A. § 51-10-1). Each of these claims against the Defendants should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)

because Defendants are entitled to qualified immunity on the federal claims and official immunity on the state law claim. Additionally, Plaintiff's false arrest claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Plaintiff waived his false arrest claim by pleading *nolo contendere* to the underlying charges.

### A.     Counts I: False Arrest

i.     *Plaintiff's False Arrest Claim is barred by* Heck *and Plaintiff's nolo contendere plea.*

Plaintiff's false arrest claim is barred by *Heck* because his conviction for the underlying offense has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. The Court can take judicial notice of Gwinnett County records that show Plaintiff was charged with littering and obstruction of a law enforcement officer in the June 10, 2021 incident. Redner v. Citrus Cnty., Fla., 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding). A copy of the accusation and plea is in the record as Doc. 87-2. Plaintiff was charged with littering and obstruction of a law enforcement officer for each officer, totaling three obstruction charges. The Court can take judicial notice that Plaintiff pled *nolo contendere* to littering and obstructing Defendant Stewart. His charges against Defendants Johnson and R. Lewis were dismissed as part of that plea

deal. "A judgment on a plea of nolo contendere adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial. It is well settled that a plea of nolo contendere admits every essential element of the offense that is well pleaded in the charge." United States v. Williams, 642 F.2d. 136, 138 (5th Cir. 1981) (citations omitted).

There are no allegations in the September 9, 2024 Amended Complaint that demonstrate Plaintiff's conviction and sentence for littering and obstructing Defendant Stewart have been reversed, overturned, vacated, or invalidated. Additionally, the Eleventh Circuit has recognized that Heck may bar a § 1983 claim where the complaint makes specific factual allegations that are inconsistent with the facts upon which his punishment was based. Dixon v. Hodges, 887 F.3d 1235, 1238 (11th Cir. 2018). Moreover, "[a] defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008) (citing Wilson v. United States, 962 F.2d 996, 997 (11th Cir.1992)). By pleading *nolo* to littering and obstruction, Plaintiff's conviction is predicated on the facts that he was littering, the defendant officers were effectuating an arrest as part of their lawful duties, and Plaintiff resisted that arrest. As such, the false arrest claim in Count I against the

5

Defendants for littering and obstruction fail as a matter of law and should be dismissed.

*ii. Plaintiff's Claims are Barred by Qualified Immunity.*

Moreover, the Defendants are entitled to qualified immunity. For purposes of this motion, the Defendants have entered the body-worn camera footage of the June 10, 2021 incident into the record as Docs. 87-3 (Defendant Stewart's footage), 87-4 (Defendant R. Lewis' footage), and 87-5 (Defendant Johnson's footage). The Court may review this footage at this stage, because it is central to the Plaintiff's claims against the Defendants; and (2) cannot reasonably be disputed or have its authenticity challenged. Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024).

"Qualified immunity shields government employees from suit in their individual capacities for discretionary actions they perform in carrying out their duties." Johnson, 107 F.4th at 1301 (citing Brooks v. Miller, 78 F.4th 1267, 1279 (11th Cir. 2023) (internal punctuation omitted). The qualified immunity inquiry involves a burden-shifting analysis: the first step requires a defendant to show that he was acting within the scope of his discretionary authority when committing the challenged act, then the burden shifts to the plaintiff who must show that qualified immunity is not appropriate." Johnson, 107 F.4th at 1301 (citing Miller, 78 F.4th at 1280). Plaintiff must demonstrate two things to show that qualified immunity is not

appropriate. First, Plaintiff must show that the defendant violated a constitutional right, and second, that the constitutional right was "clearly established" at the time of the defendant's actions. Johnson, 107 F.4th at 1301. Regarding whether a constitutional right is clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Reichle v. Howards, 566 U.S. 658, 664 (2012).

In this case, Defendants Stewart, Johnson, and R. Lewis clearly were acting within their discretionary authority, as "[i]t is well established that an arrest of someone suspected of violating the law is within the discretionary authority of a police officer." Johnson, 107 F.4th at 1301 (citing Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003)). Therefore, the burden shifts to Plaintiff to demonstrate whether the Defendants violated a constitutional right and whether that right was clearly established in light of the given facts. In the context of a False Arrest claim, Plaintiff must first demonstrate that the Defendants did not have arguable probable cause. "Arguable probable cause is a lesser standard than actual probable cause, which requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." District of Columbia v. Wesby, 583 U.S. 48, 57 (2018) (citation omitted). However, even if Defendants were held to the standard of actual probable cause, "evidence of every element of a crime is not required for a

showing of probable cause." Gates v. Khokhar, 884 F.3d 1290, 1300 (11th Cir. 2018).

The Courts have "never imposed a rigid requirement that an arresting officer must have specific evidence of suspects' 'subjective intent' when their conduct otherwise gives rise to probable cause to arrest." Davis v. City of Apopka, 78 F.4th 1326, 1335 (11th Cir. 2023) (citation omitted). Moreover, an officer's subjective intent is "irrelevant to the qualified immunity analysis." Brown v. City of Huntsville, Ala., 608 F.3d 724, 737 (2010); see also Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002) (stating "[w]e apply an objective standard, asking whether the officer's actions are objectively reasonable...regardless of the officer's underlying intent or motivation") (citation omitted).

Litter is "discarded or abandoned...refuse, rubbish, junk or other waste material" for which "it shall be unlawful ...to dump, deposit, throw, or leave...on any public or private property." O.C.G.A. §§ 16-7-42 and 16-7-43. Therefore, Plaintiff must sufficiently allege, unrefuted by the body-worn camera footage, that a reasonable officer could not objectively form the opinion that Plaintiff was discarding, abandoning, or leaving refuse at the scene.

Here, Defendant Stewart arrived on-scene and observed refuse strewn everywhere in the woods next to the road. (Doc. 87-3 at 6:00-10:40). She followed Plaintiff deeper into the woods and observed him digging through a stack of the

8

materials to find a prior trespass warning issued to him. (Id.) Defendant Stewart also knew that Plaintiff had been told to clean up the refuse on at least two occasions: once by Code Enforcement in the weeks leading up to the incident and another time by Defendant Stewart herself a month before the incident. (Id. at 28:00-28:35). In that prior interaction, Plaintiff had told Defendant Stewart then that he was going to move his stuff to a storage unit. (Id.)

The facts, as confronted by Defendants, would lead a reasonable officer to believe they had arguable probable cause to arrest Plaintiff for littering, regardless of his protestations that he did not intend to abandon the items at the scene. Even if Plaintiff were to provide a reasonable explanation for what he intended to do with the refuse around him, an arresting officer is not required to believe it or work to rule the explanation out. Wesby, 583 U.S. at 61. Therefore, the facts as depicted in the body-worn camera footage establish that the Defendants had arguable probable cause to arrest Plaintiff for littering.

In the warrantless arrest context, Plaintiff must also point to "clearly established" law that would place the officers on notice that their conduct was unlawful. "Clearly established' means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful. In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate." Wesby, 583 U.S. at 63

(citation omitted). "The clearly established standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted. This requires a high degree of specificity." Id. Given probable cause's imprecise nature, "officers will often find it difficult to know how the general standard of probable cause applies in the precise situation encountered. Thus, we have stressed the need to identify a case where an officer acting under similar circumstances ... was held to have violated the Fourth Amendment." Id. at 64 (Citations omitted).

Here, there is no clearly established law that would instruct Defendants that the circumstances they were confronted with did not constitute probable cause for littering. In light of the foregoing, Defendants had arguable probable cause to arrest Plaintiff for littering, violated no clearly established law, and are therefore entitled to qualified immunity.

### B.   Count III: Deprivation of Property.

Plaintiff alleges that by not confiscating Plaintiff's property when they arrested him, Defendants "failed to properly collect and log Mr. Fields' property," "as a result of those failures, Mr. Field's property was lost or destroyed," and "the Defendants' abandonment or destruction of Mr. Fields' property violated his

Constitutional rights." [Doc. 113 at ¶¶ 142, 146-147]. A warrantless seizure of property is analyzed in three steps. First, the Court must determine if a "seizure" has occurred. Second, the Court must determine if the seizure was reasonable. Third, the Court must determine if the Defendants are entitled to qualified immunity because the law was clearly established in light of the circumstances presented. See Watkins v. Davis, 696 F. Supp. 3d 1276, 1307-1308 (N.D. Ga. 2023).

Plaintiff's only factual allegations about his property being "seized" was that "upon information and belief, the Defendant Officers either abandoned or destroyed Mr. Fields' property…" [Doc. 113 at ¶58]. Plaintiff's allegations are conclusory implications and have no factual basis given Plaintiff's own statements regarding Code Enforcement, not Defendants, coming to remove his property. To the extent Plaintiff alleges that "interference" includes Defendants having a generalized duty to secure his property upon arresting him, Plaintiff points to no case law supporting that proposition. Logically, that would mean police officers have a duty to catalog every potential piece of property in proximity to an arrestee, impound every vehicle claimed by an arrestee, and lock all premises they ever enter when executing a warrant. Thus, Plaintiff has not sufficiently established a seizure has occurred.

If a seizure did occur, it was reasonable because Plaintiff's expectation of privacy in unidentified or segregated items out in public is not objectively

11

reasonable. Cf. Pottinger v. City of Miami, 810 F. Supp. 1551, 1571 (S.D. Fla. 1992) (homeless plaintiffs exhibited a subjective expectation of privacy when property was reasonably distinguishable from truly abandoned property and an objective expectation of privacy where items were enclosed within protected containers). Finally, there is no clearly established law that would place the Defendants on notice in the circumstances presented to them that their conduct was unlawful. The undersigned could find no cases, dealing with homeless individuals or not, that held an officer's failure to secure property was a violation of the Fourth Amendment.

## C.    Count IV: Trespass on Property (State Claim)

Plaintiff's trespass claim fails because the Defendants are entitled to official immunity on this state law claim. The Georgia Constitution provides that state officers and employees "may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const., art. I, § 2, ¶ IX(d). As set forth above, there can be no dispute that the Defendants were acting in the performance of their discretionary duties. Thus, to pierce official immunity, Plaintiff must demonstrate that the Defendants acted with actual malice. Bashir v. Rockdale Cty., Ga., 445 F.3d 1323, 1333 (11th Cir. 2006) (citing Adams v. Hazelwood, 271 Ga. 414, 520 S.E.2d 896, 898 (1999)). "The Supreme Court of Georgia has explained that actual malice requires a

deliberate intention to do wrong and denotes 'express malice or malice in fact.'" Bashir, 445 F.3d at 1333 (citing Adams; Merrow v. Hawkins, 266 Ga. 390, 467 S.E.2d 336, 338 (1996)) (internal punctuation omitted).

"Actual malice, in the context of official immunity, means a deliberate intention to commit a wrongful or illegal act." Kinlocke v. Benton, 257 F. Supp. 3d 1368, 1381 (N.D. Ga. 2017) (quoting Tittle v. Corso, 256 Ga. App. 859, 569 S.E.2d 873, 876 (2002)). It does not include a "reckless disregard for the rights or safety of others." Kinlocke, 257 F. Supp. 3d at 1381 (quoting Murphy v. Bajjani, 282 Ga. 197, 647 S.E.2d 54, 60 (2007)). Nor does it encompass simply "unreasonable conduct." Black v. Wigington, 811 F.3d 1259, 1266 (11th Cir. 2016). Likewise, the phrase "actual intent to cause injury" means "an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." West v. Davis, 767 F.3d 1063, 1073 (11th Cir. 2014) (quoting Kidd v. Coates, 271 Ga. 33, 518 S.E.2d 124, 125 (1999)). "This definition of intent contains aspects of malice, perhaps a wicked or evil motive." Marshall v. Browning, 310 Ga. App. 64, 712 S.E.2d 71, 74 (2011). Ultimately, "[a] showing of improper motive requires strong record evidence" if it is to overcome official immunity. See Croland v. City of Atlanta, 782 F. App'x 753, 759 (11th Cir. 2019).

There are no allegations in the Complaint sufficient to overcome official immunity, and the video evidence demonstrates a complete lack of the type of evidence required to meet the actual malice standard. Otherwise, as set forth above, the Defendants had probable cause to arrest Plaintiff for littering such that they are entitled to official immunity. Corporate Prop. Investors v. Milon, 249 Ga. App. 699, 706, 549 S.E.2d 157 (2001); Franklin v. Consol. Gov't, 236 Ga. App. 468, 470, 512 S.E.2d 352 (1999) (to defeat a claim of official immunity, plaintiff must show the absence of probable cause). As such, the Defendants are entitled to official immunity, and Plaintiff's state law trespass claim should be dismissed.

## CONCLUSION

For all of the reasons set forth herein, all claims against the Defendants contained in Plaintiff's April 29, 2025 Second Amended Complaint should be dismissed.

*Executed on the Following Page]*

Respectfully submitted this 13th day of May, 2025.

                                                CAROTHERS & MITCHELL, LLC

                                                */s/ Cullen B. Threlkeld*
                                                Angela C. Couch
                                                Georgia Bar No. 190005
                                                Cullen B. Threlkeld

1809 Buford Highway         Georgia Bar No. 669027
Buford, Georgia 30518        Attorneys for Defendants
Phone:  770-932-3552
Fax: 770-932-6348
angela.couch@carmitch.com
Cullen.Threlkeld@carmitch.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRK MICHAEL FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| | ) 1:22-cv-03684-LMM-JKL |
| v. | ) |
| | ) |
| GWINNETT COUNTY, GEORGIA, et al. | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE AND**

**COMPLIANCE WITH L.R.5.1B**

I HEREBY CERTIFY that I have this date electronically filed the **DEFENDANTS ARIEL STEWART, WAYNE JOHNSON, AND ROINELL LEWIS' MOTION TO DISMISS CLAIMS AGAINST THEM AS CONTAINED IN PLAINTIFF'S APRIL 29, 2025 SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Amanda Kay Seals
Edwin Allen Page
Bondurant Mixon & Elmore LLP
One Atlantic Center, Suite 3900
1201 W. Peachtree Street NW
Atlanta, Georgia 30309
seals@bmelaw.com
page@bmelaw.com

*(continued on following page)*

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14-point Times New Roman font.

This 13th day of May, 2025.

                                        CAROTHERS & MITCHELL, LLC

                                        */s/ Cullen B. Threlkeld*
                                        Angela C. Couch
                                        Georgia Bar No. 190005
                                        Cullen B. Threlkeld
                                        Georgia Bar No. 669027
                                        Attorneys for Defendants Ariel Stewart,
                                        Wayne Johnson and Roinell Lewis

1809 Buford Highway
Buford, Georgia 30518
Phone: 770-932-3552
Fax: 770-932-6348
angela.couch@carmitch.com
cullen.threlkeld@carmitch.com